IN THE CIRCUIT COURT OF THE EIGHTH
JUDICIAL CIRCUIT IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.: 01-2019-CA-002558

MARCELLE ANN ANGALL-LEONCE and
ROMANUS SYLVESTER LEONCE,

      Plaintiffs,

vs.

ON POINT TRANSPORT, INC., and
JOSEPH MISATULI LEIA,

      Defendants.
_____/

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, and sues Defendants, JOSEPH MISATULI LEIA, and ON POINT TRANSPORT, INC., and would allege the following:

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

2. At the time of the crash, Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, were residents of Ocoee, Orange County, Florida.

3. Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, are currently residents of Loganville, Gwinnett County, Georgia.

4. At all times relevant Defendant, JOSEPH MISATULI LEIA, was a resident of Selma, Fresno County, California.

5. At all times relevant Defendant, ON POINT TRANSPORT, INC., was a California profit corporation, operating and doing business in the State of California and the State of Florida,

Marcelle Angall-Leonce v. On Point Transport, Inc., etal
Case No.: 19-CA-002558

with a mailing address at 5588 W. Paul Avenue, Fresno, CA 93722, and Registered Agent listed as Gursharan Dosanjh, located at 5588 W. Paul Avenue, Fresno, CA 93722.

6. On or about July 26, 2015, Defendant, JOSEPH MISATULI LEIA, operated the motor vehicle owned by Defendant, ON POINT TRANSPORT, INC., to wit: a 2010 White Freight Truck, bearing license plate number WP55069, and VIN#1FUJBBCK7ADAG5680 on State Road 93 (I-75) northbound at MM372 at or near its intersection with County Road 318, in Micanopy, Alachua County, Florida.

7. At that time and place, the Defendant, JOSEPH MISATULI LEIA, negligently and tortiously operated the motor vehicle owned by Defendant, ON POINT TRANSPORT, INC., so that it collided with the vehicle that Plaintiff, ROMANUS SYLVESTER LEONCE, was driving, and Plaintiff, MARCELLE ANN ANGALL-LEONCE, was the passenger.

## FACTS REGARDING DEFENDANT ON POINT TRANSPORT, INC.'S ROLE IN INTERSTATE COMMERCE

8. The transportation of goods in interstate commerce constitutes an ultra-hazardous activity that presents substantial dangers to the driving public when not done safely, properly, and with due caution. Accordingly, there are a number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional truck drivers.

9. At all times material hereto, Defendant ON POINT TRANSPORT, INC. was an interstate motor carrier authorized to transport goods in interstate commerce and in the State of Florida for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation ("USDOT"), or both. Accordingly,

Defendant ON POINT TRANSPORT, INC. was subject to all state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation the Federal Motor Carrier Safety Regulations ("FMCSRs").

10. In return for the privilege to operate commercial motor vehicles on the public highways transporting goods in interstate commerce, motor carriers like Defendant ON POINT TRANSPORT, INC. must take certain safety related certifications and verifications to the United States Department of Transportation. In order to obtain operating authority and get a USDOT Number, Defendant ON POINT TRANSPORT, INC. had to submit a Form OP-1 Application for Motor Property Carrier and Broker Authority or equivalent. Defendant ON POINT TRANSPORT, INC. had to submit a similar application with the same certifications to obtain authority to operate as a Broker of goods in interstate commerce.

11. Each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that Defendant ON POINT TRANSPORT, INC. has access to and is familiar with all applicable US DOT regulations relating to the safe operation of commercial motor vehicles and that Defendant ON POINT TRANSPORT, INC. will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

12. More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendant ON POINT TRANSPORT, INC.:

  i. Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

  ii. Had and will have in place a driver safety training/orientation program;

  iii. Had and will have prepared and maintained an accident register;

  iv. Is familiar with DOT regulations governing driver qualifications and had an will have in place a system for overseeing driver qualification requirements;

  v. Had and will have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance; and

  vi. Must comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

13. Upon information and belief, representatives of Defendant ON POINT TRANSPORT, INC. swore under penalty of perjury to comply with the above "Safety Certifications."

## FACTS REGARDING DEFENDANT JOSEPH MISATULI LEIA AND ON POINT TRANSPORT, INC.

14. At all relevant times, Defendant JOSEPH MISATULI LEIA was a Class A licensed motor vehicle operator driving a 2010 White Freight Truck Tractor-Trailer bearing license plate number WP55069. Accordingly, Defendant JOSEPH MISATULI LEIA was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles and tandem trailers including, without limitation, the FMCSRs set forth in 49 C.F.R. parts 350-398.

15. At all relevant times, the Semi was owned by Defendant ON POINT TRANSPORT, INC. and was being operated by Defendant JOSEPH MISATULI LEIA with Defendant ON POINT TRANSPORT, INC.'s consent, for the benefit of and/or pursuant to a contract with Defendant.

16. At all relevant times, Defendant JOSEPH MISATULI LEIA was operating a commercial motor vehicle for Defendant ON POINT TRANSPORT, INC. and was subject to ON POINT TRANSPORT, INC.'s control or right to control such that ON POINT TRANSPORT, INC. should be considered their employer and therefore vicariously liable for the negligence of Defendant JOSEPH MISATULI LEIA.

17. Accordingly, Defendants ON POINT TRANSPORT, INC., and JOSEPH MISATULI LEIA are personally liable, jointly and severely, in partnership, joint venture, or sole proprietorship for the crash and resulting permanent injuries and damages suffered by Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, claimed herein.

18. Each Defendant acted in a manner that either alone or combined and concurring with the actions of other Defendants' acts of negligence, directly and proximately caused the incident and the resulting injuries to the Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE.

### COUNT I: NEGLIGENCE
### AGAINST DEFENDANT, JOSEPH MISATULI LEIA

Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, re-allege those allegations contained within 1 through 18 above and incorporate them herein by this reference.

Marcelle Angall-Leonce v. On Point Transport, Inc., etal
Case No.: 19-CA-002558

19. Defendant, JOSEPH MISATULI LEIA, improperly and negligently operated the vehicle owned and maintained by Defendant, ON POINT TRANSPORT, INC., breaching the duty owed to motorists like Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, violating the right of way of the Plaintiffs and negligently and tortiously operating the motor vehicle so that it collided with the vehicle that Plaintiff, ROMANUS SYLVESTER LEONCE, was driving, and Plaintiff, MARCELLE ANN ANGALL-LEONCE, was a passenger.

20. As a direct and proximate cause of the negligence and/or recklessness of Defendant, JOSEPH MISATULI LEIA, Plaintiff suffered permanent injuries.

21. Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, were seriously and permanently injured in the crash caused by Defendant, JOSEPH MISATULI LEIA.

22. As a result of the negligence of the Defendant, JOSEPH MISATULI LEIA, the Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. Plaintiffs' losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in the future.

Marcelle Angall-Leonce v. On Point Transport, Inc., etal
Case No.: 19-CA-002558

## COUNT II: VICARIOUS LIABILITY AS OWNER AND FOR TORTS OF EMPLOYEE AND/OR AGENT AGAINST DEFENDANT ON POINT TRANSPORT, INC.

Plaintiffs MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE re-allege those allegations contained within paragraphs 1 through 22 above and incorporate them herein by this reference.

23. At all relevant times, Defendant, JOSEPH MISATULI LEIA, was Defendant, ON POINT TRANSPORT, INC.'S, employee, statutory employee, and/or servant acting within the course and scope of his agency or employment, under the direct control and for the benefit of Defendant, ON POINT TRANSPORT, INC.

24. At all relevant times, Defendant, JOSEPH MISATULI LEIA, was Defendant, ON POINT TRANSPORT, INC.'S, agent and/or independent contractor acting within the course and scope of his agency or employment, under the direct control and for the benefit of Defendant, ON POINT TRANSPORT, INC.

25. That at all times material to this Complaint, and in particular, at the time and place of the subject automobile accident described herein, Defendant, JOSEPH MISATULI LEIA, was driving the motor vehicle with the implied and/or expressed consent and permission of Defendant, ON POINT TRANSPORT, INC., who owned, leased and/or controlled the subject motor vehicle.

26. Therefore, Defendant, ON POINT TRANSPORT, INC., is vicariously liable for the acts of negligence of Defendant, JOSEPH MISATULI LEIA, which such negligence caused the aforementioned automobile accident and the resulting serious and permanent injuries as herein described.

27. As a result of Defendant, ON POINT TRANSPORT, INC.'S, vicarious liability for Defendant, JOSEPH MISATULI LEIA's, active negligence, carelessness, and reckless actions,

Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, were seriously and permanently injured in the crash caused by Defendant, JOSEPH MISATULI LEIA, and Defendant ON POINT TRANSPORT, INC., suffering bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past and loss of ability to earn money in the future, aggravation of a previous existing condition. These losses are either permanent or continuing in nature and Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, will suffer the losses in the future.

## COUNT III - LOSS OF CONSORTIUM

Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE re-alleges those allegations contained within paragraphs 1 through 27 above and incorporate them herein by this reference.

28. At all relevant times, and at all times material to this action, Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, were and still are living together as husband and wife.

29. As a direct and proximate result of the injuries inflicted upon Plaintiff, ROMANUS SYLVESTER LEONCE, due to the vicarious and direct negligence of the Defendants, JOSEPH MISATULI LEIA and ON POINT TRANSPORT, INC., Plaintiff, ROMANUS SYLVESTER LEONCE, has suffered the loss of care, comfort, society, and consortium of his wife, MARCELLE ANN ANGALL-LEONCE. These losses are either permanent or continuing in nature and the Plaintiff, ROMANUS SYLVESTER LEONCE, will suffer these losses in the future.

Marcelle Angall-Leonce v. On Point Transport, Inc., etal
Case No.: 19-CA-002558

30. As a direct and proximate result of the injuries inflicted upon Plaintiff, MARCELLE ANN ANGALL-LEONCE, due to the vicarious and direct negligence of the Defendants, JOSEPH MISATULI LEIA and ON POINT TRANSPORT, INC., Plaintiff, MARCELLE ANN ANGALL-LEONCE, has suffered the loss of care, comfort, society, and consortium of her husband, ROMANUS SYLVESTER LEONCE.

**WHEREFORE**, Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, demand judgment for damages against Defendants, JOSEPH MISATULI LEIA and ON POINT TRANSPORT, INC., for all damages permitted by Florida law together with costs, prejudgment interest on expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just, and demands trial by jury on all issues.

## TRIAL BY JURY

Plaintiffs MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE demand a trial by jury of all issues and counts so triable herein.

**DATED** this 26th day of February, 2020.

Respectfully submitted,

**FINE, FARKASH & PARLAPIANO, P.A.**
622 Northeast First Street
Gainesville, Florida 32601
Telephone: 352-376-6046
Facsimile: 877-272-9101

BY: _____
**JACK J. FINE, ESQ.**
Attorney for Plaintiffs
Florida Bar Number: 223700
Primary Email: jfine@ffplaw.com
Secondary Email: jduchaj@ffplaw.com