**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MARCELLE ANN ANGALL-LEONCE**
and **ROMANUS SYLVESTER LEONCE,**

    Plaintiffs,

v.                                          Case No.: 1:20-cv-127-AW-GRJ

**ON POINT TRANSPORT, INC., and
JOSEPH MISATULI LEIA**

    **Defendants.**
_____/

**DEFENDANTS' MOTION TO COMPEL IN-PERSON DEPOSITIONS OF PLAINTIFFS**

**COME NOW,** the Defendants, ON POINT TRANSPORT, INC. and JOSEPH MISATULI LEIA, by and through their undersigned counsel, and pursuant to Rule 30 and all other applicable Federal Rules of Civil Procedure and Local Rule 7.1, hereby move this Honorable Court to compel Plaintiffs to appear for in-person depositions.  In support thereof, Defendants state:

    1.    This matter relates to a personal injury claim related to a motor vehicle collision that occurred on or about July 26, 2015 in or around Micanopy, Alachua County, Florida.  That matter was initiated in State Court in Gainesville, Florida.

    2.    The Defendants removed this matter from the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida to the United States District Court for the Northern District of Florida, Gainesville Division.

    3.    Pursuant to this Honorable Court's Order Granting Joint Motion for Extensions, the deadline to complete discovery is January 31, 2021.

4. On or about November 18, 2020, Defendants noticed the videotaped depositions of Plaintiffs Marcelle Ann Angall-Leonce and Romanus Sylvester Leonce. In recognition of the serious health crisis facing the nation and the State of Florida from COVID-19 and in an effort to maintain the orderly administration of justice, Defendants initially noticed these depositions with an indication that the "instructions for Zoom participation will be forwarded at a later date." (See, Notice of Taking Videotaped Depositions).

5. Subsequently, Defendants received Plaintiffs' Rule 26(a)(2)(B) Expert Disclosure, which outlined a substantial escalation of the damages claimed by Plaintiffs, related to allegations of traumatic brain injury.

6. In light of the damages and injuries claimed, Defendants are unable to fully and fairly examine, assess, and observe Plaintiffs for discovery purposes by means of video teleconferencing and cannot stipulate to depositions of Plaintiffs by remote means. Considering the importance of the issues at stake, an in-person deposition is the only discovery mechanism available that does not act to prejudice Defendants' ability to evaluate the claims made against them.

7. Therefore, Defendants filed Amended Notices of Taking Depositions directing Plaintiffs to personally appear for depositions, subject to reasonable health precautions including masks, social distancing, and proper symptom monitoring.

8. Inasmuch as the parties do not agree to conducting the deposition remotely, and because no court order in this case, local rule, or administrative order of this Court direct the parties to conduct all depositions by videoconferencing, Plaintiffs should be directed to appear personally for a deposition.

**MEMORANDUM OF LAW**

Rule 26(b)(1), Federal Rule of Civil Procedure provides:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Generally, a party may, by oral questions, depose any person, including a party, without leave of court. Rule 30(a)(1), Fed. R. Civ. P. "The parties may stipulate – or the court may on motion or order – that a deposition be taken by telephone or other remote means." Rule 30(b)(4), Fed. R. Civ. P. Absent agreement or court order, the deposing party may select the place of the deposition. *See, e.g., Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012); *see also, Huddleston v. Bowling Green Inn of Pensacola, LLC*, 333 F.R.D. 581, 585 (N.D. Fla. 2019)(party taking the deposition usually selects the place where the deposition will be conducted). With respect to the deposition of a plaintiff, the general rule is that "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." *Id.; see also, Dude v. Congress Plaza, LLC*, 2018 WL 1009263 (S.D. Fla. February 20, 2018)(no undue burden to Plaintiff to return to forum for in-person deposition).

Defendants anticipate that Plaintiffs will assert that concerns related to the ongoing global pandemic, which was declared by World Health Organization relative to the outbreak and spread of coronavirus (COVID-19), supports their desire to refrain from an in-person deposition in the forum where their action is pending. Reliance on this pandemic as a basis for avoiding any in-person appearance for deposition is somewhat specious inasmuch as Plaintiff has travelled to Florida on a number of other occasions related to this litigation. For example, and as detailed by

3

Plaintiffs' Rule 26 Expert Disclosure, on or about September 30, 2020, Ms. Angall-Leonce evidently travelled to Florida for evaluation and treatment by her disclosed expert, Dr. Marc Sharfman of the Headache & Neurological Treatment Institute.  On that same date, Ms. Angall-Leonce also consulted with, and was examined by, Christopher Leber, M.D. in Gainesville, Florida for the purpose of completing a life care plan.   Furthermore, just weeks ago, Plaintiff also appeared in Gainesville on November 5, 2020 for a Compulsory Medical Examination before Defendants' expert, Steven M. Bailey, M.D.   Plaintiff asserted no good cause for failing to personally attend any of these interactions relative to her lawsuit.  Finally, Plaintiff will no doubt be compelled to physically appear at the trial of this matter in Gainesville in less than five months time.  Therefore, no good cause exists for failure to personally appear for a discovery deposition as noticed.

Notwithstanding the above, Defendants recognize that pursuant to this Honorable Court's most recent Administrative Order regarding Court Operations Under the Exigent Circumstances Created by COVID-19, "hearings and other appearances before the Court *may* be held remotely by video or telephone conference or in-person at a courthouse, as determined by the assigned judge."  *See*, Administrative Order ("AO") ¶2; 4:95-mc-40111-DJ (August 12, 2020).  Remote proceedings are not, however, mandated.  Many of the safety precautions outlined by this Court for in-person appearances at the courthouse can likewise be implemented or utilized to safely conduct in-person deposition of the Plaintiffs.  For instance:

    a.    All deposition participants can monitor their health on a daily basis and upon notification that any participant has been in close contact with someone who has tested positive for COVID-19 or if they fell ill or exhibit any COVID-19 symptoms, postponement can be sought. (See, AO ¶4).

      b.      All deposition participants can practice social distancing measures and wear a cloth face mask when moving about during the deposition. (See, AO ¶5).

      c.      All deposition participants would have hand sanitizer and/or the ability for frequent hand washing available at the deposition location. (See, AO ¶6).

      d.      All commonly touched surfaces within the deposition location would be cleaned and disinfected prior to commencement of the deposition. (See, AO ¶7).

Additionally, because the participants at the depositions can be limited to the court reporter, the deponent, his or her counsel, and counsel for Defendants . . . a total of four individuals … social distancing is easily achieved.  As a result, adequate safeguards exist to effectively mitigate any safety concerns that might be reasonably articulated.

Defendants will be substantially prejudiced if ordered to move forward with only remote access depositions of the Plaintiffs by video conference.  Aside from the technological issues that often present related to lags in communication transmissions, limited and static field of vision to participants, and potential difficulties in ease of presentation and discussion of any exhibits, video conferences inherently impede counsel's ability to fully and fairly observe the deponent and make his or her own critical determinations about the witness, which substantially impact the ability to reasonably evaluate her claim.  Because such prejudice substantially outweighs any good cause submitted for conducting these depositions by remote means, Plaintiffs should be compelled to attend their depositions in-person, subject to reasonable health precautions.

**WHEREFORE,** Defendants ON POINT TRANSPORT, INC. and JOSESPH MISATULI LEIA, respectfully request that this Honorable Court enter an order compelling Plaintiff to appear in-person for a deposition in or around Gainesville, Florida

**LOCAL RULE 7.1(B) CERTIFICATION**

Defendants hereby certify that on or about November 19, 2020, and pursuant to Local Rule 7.1(B) and the Initial Scheduling Order in this matter, the undersigned/moving counsel has conferred in good faith with opposing counsel who does not agree to a resolution of this Motion.

*(Certificate of Service on following page)*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to **JACK J. FINE, ESQUIRE** of Fine, Farakash & Parlapiano, P.A., located at 622 Northeast First Street, Gainesville, Florida 32601, via Electronic Mail jfine@ffplaw.com and jduchaj@ffplaw.com this 25th day of November, 2020.

                        **FERNANDEZ TRIAL LAWYERS, P.A.**

                        */s/ John Moffitt Howell*
**E.T. FERNANDEZ, III, ESQ.**
Florida Bar No.: 371556
**JOHN MOFFITT HOWELL, ESQ.**
Florida Bar No.: 243027
8780-200 Perimeter Park Court
Jacksonville, Florida 32216
(904) 398-8008 (Phone)
(904) 398-0332 (Fax)
Attorneys for Defendants

*The following e-mail addresses are only for e-mail service pursuant to Fla. R. Civ. Pro. 1.080:*
Primary:        Pleadings@Fernandeztl.com
Secondary:   JHowell@Fernandeztl.com
                    KLang-Thorbs@Fernandeztl.com