IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,
Husband and Wife,

                                                      CASE NO.: 1:20-cv-00127-AW-GRJ

      Plaintiff,

v.

ON POINT TRANSPORT, INC. and
JOSEPH MISATULI LEIA,

      Defendants.
_____/

## PLAINTIFF'S TRIAL BRIEF

Plaintiff, MARCELLE ANN ANGALL-LEONCE, submits the following Trial Brief related to liability issues that are anticipated in the trial of this case:

### I.    APPLICABLE FLORIDA TRAFFIC STATUTES

This motor vehicle negligence case which involves a tractor trailer proceeding North on I-75 where it partially jack-knifed and struck the rear of the plaintiff's minivan is governed by Florida substantive law, including applicable traffic statutes in Florida Statutes, Chapter 316 and the Federal Motor Carrier Safety Administration Code of Regulations contained in Part 392- Driving of Commercial Motor Vehicles.

Plaintiffs submit the following statutes and code sections that apply:

1

**A)** Statutes Applicable to the Defendant (FN[1])

1) Florida Statute §316.185   Special hazards. —

The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazards exist or may exist with respect to pedestrians or other traffic or by reason of weather or other roadway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street in compliance with legal requirements and the duty of all persons to use due care.

2) Florida Statute §316.1925 Careless driving -

(1) Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner such constitute careless driving and a violation of this section.

---

[1] All statutory references are to Florida Statutes (2015)

3) F.S. §316.0895   Following too closely. —

   (1)   The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway.

4) F.S. §316.089   Driving on roadways laned for traffic. —

   Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:

   (1)   A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

   (2)   Upon a roadway which is divided into three lanes and provides for two-way movement of traffic, a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle traveling in the same direction when such center lane is clear of traffic within a safe distance, when in preparation for making a left turn, or where such center lane is at the time allocated exclusively to traffic moving in the same direction that the vehicle is proceeding and such allocation is designated by official traffic control devices.

(3) Official traffic control devices may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway; and drivers of vehicles shall obey the directions of every such device.

5) F.S. §316.074 Obedience to and required traffic control devices.

(1) The driver of any vehicle shall obey the instructions of any official traffic control device applicable thereto, placed in accordance with the provisions of this chapter, unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.

(2) No person shall drive any vehicle from a roadway to another roadway to avoid obeying the indicated traffic control indicated by such traffic control device.

(3) No provision of this chapter for which official traffic control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section does not state that official traffic

control devices are required, such section shall be effective even though no devices are erected or in place.

(4) Whenever official traffic control devices are placed in position approximately conforming to the requirements of this chapter, such devices shall be presumed to have been so placed by the official act or direction of lawful authority unless the contrary shall be established by competent evidence.

(5) Any official traffic control device placed pursuant to the provisions of this chapter and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this chapter unless the contrary shall be established by competent evidence.

## II. FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, DEPARTMENT OF TRANSPORTATION - PART 392—DRIVING OF COMMERCIAL MOTOR VEHICLES

§392.14   Hazardous conditions; extreme caution.

Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist.

## III. APPLICABLE INDUSTRY STANDARDS

1. California commercial driver's license manual section 2.4.1 provides that all commercial truck drivers shall scan or visualize 12 to 15 seconds ahead.

2. California commercial driver's license manual 2.6.2 provides that in wet weather where traction or visibility is affected truck shall reduce speed by approximately 1/3.

## IV. INTERACTION OF THE APPLICABLE STATUTES REGULATIONS AND INDUSTRY STANDARDS TO THE FACTS OF THIS CASE

1. The starting point is that plaintiffs were proceeding North on Interstate 75 in the middle lane at the time of the collision. The roads were wet and there was intermittent heavy rain. The defendant, driving an interstate commercial motor vehicle tractor trailer, lost control of his vehicle and partially jackknifed such that his trailer entered the plaintiffs' lane of travel striking the left rear corner of their vehicle.

2. The defendant testified that as he crested a hill his visibility was impaired and he could not see until he got to the very top of the hill that traffic had slowed or was stopping on the roadway due to another accident. The defendant also testified that when he crested the hill he realized that he could not stop, and to avoid colliding with the vehicles ahead of him in the right hand lane, vehicles that were stopped on the shoulder of the road to his right, and vehicles in the center lane, he

6

maneuvered his truck to the far left lane, braking at the same time and partially losing control of his vehicle. He believes he then struck the plaintiffs vehicle. The plaintiffs do not believe the evidence will show the existence of such a hill.

3. The plaintiffs contend that Florida Statute 316.1925, Careless Driving is relevant because the defendant was traveling too fast or was not keeping an adequate look out to safely stop. The plaintiffs also contend that Florida Statute 316.185, Special Hazards is relevant because it specifically requires a duty to decrease speed when approaching a hill crest or when special hazard caused by weather or other roadway conditions exist.

4. Florida Statute 316.895 prohibits a driver of a motor vehicle motor vehicle from following too closely which plaintiffs contend was a key cause of this collision.

5. Florida Statute 316.089 applies because the defendant failed to maintain his vehicle in a single lane.

6. Florida statute 316.074 applies because the defendant violated the "no trucks in left lane" rules applicable to I-75 at that location.

7. Federal Motor Carrier safety regulation 392.14, Hazardous conditions; Extreme Caution, is relevant and applies to plaintiffs' case because extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke

7

adversely affect visibility or traction. Speed shall be reduced when such conditions exist… This regulation applies to this case as a result of the testimony of the defendant driver Joseph Leia that there was heavy rain at the time of the collision and the roadway was slippery reducing stopping distance.

8. Federal Motor Carrier safety regulation 392.1, entitled scope of the rules in this part states as follows: "Every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed and complied with the rules in this part.

9. Industry standards contained in the California Commercial Driver's License Manual suggest a driver should reduce his speed by one third inclement weather and always scan twelve (12) to fifteen (15) seconds ahead.

## V. ADDITIONAL LEGAL ISSUES

Pending motions at this time include: (1) Plaintiffs Motion under Daubert to Limit the Testimony of a defense witness, Stephen Bailey, MD; (2) Plaintiff's Motion to Allow Expert Guntharp to testify in the case in chief; and (3) Defendants Motion in Limine regarding evidence of Social Security Disability/Insurance Determination and memo of law.

Additionally, the defense has objected to eight exhibits on plaintiffs exhibit list and a summary of those objections is contained in the joint pre-trial stipulation at (i).

Plaintiff has been supplied with Defendants Witness List and has objected to three of their listed witnesses due to Rule 26 violations.

Respectfully submitted by electronic filing, this 22ND day of March, 2021.

                                        Respectfully submitted,

                                        **FINE, FARKASH & PARLAPIANO, P.A.**
                                        622 Northeast First Street
                                        Gainesville, Florida 32601
                                        Telephone: 352-376-6046
                                        Facsimile:  877-272-9101

                BY:    */S/ JACK J. FINE*
                                        **JACK J. FINE, ESQ.**
                                        *Attorney for Plaintiff*
                                        Florida Bar Number:  223700
                                        Primary Email: jfine@ffplaw.com
                                        Secondary Email: jduchaj@ffplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>MARCH 22, 2021</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                **FINE, FARKASH & PARLAPIANO, P.A.**

        BY:    <u>/S/ JACK J. FINE</u>
                     **JACK J. FINE, ESQUIRE**
                     *Attorney for Plaintiff*
                     Florida Bar Number: 223700

# SERVICE LIST

MARCELLE ANN ANGALL-LEONCE and ROMANUS SYLVESTER LEONCE vs. ON POINT TRANSPORT, INC. AND JOSEPH MISATULI LEIA
Case No.: 1:20-cv-00127-AW-GRJ
United States District Court, Northern District of Florida


Jack J. Fine, Esquire
jfine@ffplaw.com
jduchaj@ffplaw.com
FINE, FARKASH & PARLAPIANO, P.A.
622 Northeast First Street
Gainesville, Florida 32601
*Attorneys for Plaintiff*

John Moffitt Howell, Esq.
E.T. Fernandez, Esq.
pleadings@fernandeztl.com
jhowell@fernandeztl.com
Fernandez Trial Lawyers, PA
8780-200 Perimeter Park Court
Jacksonville, FL 32216
Attorney for Defendants