IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,
Husband and Wife,

CASE NO.: 1:20-cv-00127-AW-GRJ

      Plaintiff,

v.

ON POINT TRANSPORT, INC. and
JOSEPH MISATULI LEIA,

      Defendants.
_____/

## **JOINT PRETRIAL STIPULATION**

COME NOW, the parties, Plaintiff MARCELLE ANN ANGALL-LEONCE

AND ROMANUS SYLVESTER LEONCE, HUSBAND AND WIFE and

Defendants, ON POINT TRANSPORT, INC. AND JOSEPH MISATULI LEIA, by

and through their undersigned counsel and hereby submit this Joint Pretrial

Stipulation of the Parties as follows and state:

## **Background**

1.    On February 25, 2021, the Court entered the Order for Pretrial

Conference setting the Pretrial Conference for March 29, 2021. (Doc 32).

2.    Pursuant to ¶2 of the Court's Order for Pretrial Conference, the parties

are filing this Joint Pretrial Stipulation stating that the exhibit exchange and

admissibility attorney conference took place on March 8, 2021, and the Parties stipulate as follows:

### a. The basis of federal jurisdiction.

This is a personal injury lawsuit involving a crash between a tractor-trailer and a four (4)-door minivan, which occurred on highway I-75 in Micanopy, Marion County, Florida on July 26, 2015. Plaintiff's damages exceed $75,000 and pursuant to 28 U.S.C. Section 1332(a)(l), federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 in value and is between citizens of different states. The Plaintiffs are citizens of the State of Georgia and the Defendants are citizens of the State of California. Accordingly, complete diversity of citizenship is present.

### b. A concise statement of the nature of the case.

This is a personal injury lawsuit involving a crash between a tractor-trailer and a four (4)-door minivan, which occurred on highway I-75 in Marion County, Florida on July 26, 2015. Liability, causation and damages are disputed and remain for trial.

### c. A brief general statement of each party's case.

Plaintiffs' statement: On or about July 26, 2015, Defendant, JOSEPH MISATULI LEIA, negligently operated the motor vehicle owned by Defendant, ON POINT TRANSPORT, INC., to wit: a Semi Tractor Trailer on Interstate 75 northbound at MM372, so that it struck the vehicle that Plaintiff, ROMANUS SYLVESTER LEONCE, was driving, and Plaintiff, MARCELLE ANN ANGALL-LEONCE, was the passenger.

Defense statement: The Defendants deny any negligence on the part of Joseph Misatuli Leia. Rather, they contend that the subject accident was the result of an unforeseeable, sudden emergent situation that presented itself to Mr. Leia as he crested a hill on I-75 North during heavy rain and rather poor visibility. Consequently, the Defendants maintain that Mr. Leia acted appropriately at all times and drove his tractor-trailer in accordance with industry standards. The Defendants also contend that Plaintiff, Marcelle Ann Angall-Leonce did not sustain a permanent injury within a degree of reasonable medical probability.

**d. A List of all exhibits to be offered at the trial, noting any objections and the grounds for each objection. (Any objections not listed will be deemed waived.**

See Plaintiff's Disclosure of Exhibits to be offered at trial, noting objections as Exhibit "1".

See Defendants' Exhibit List attached hereto, noting objections as Exhibit "2".

**e. A list of all witnesses, including rebuttal and expert, each party intends to call. (Witness addresses must be provided to opposing counsel but must not be included in the pretrial stipulation.) Expert witnesses must be labeled as expert witnesses.**

See List of Plaintiff's Witnesses, Including Rebuttal and Expert attached hereto as Plaintiff's Rule 26(A)(3) Pretrial Disclosures as Exhibit "3".

See Defendants' Witness List attached hereto as Exhibit "4".

**f. A concise statement of those facts that are admitted and will require no proof at trial, together with any reservations directed to such admissions.**

The motor vehicle accident which is the subject of this lawsuit occurred on July 26, 2015 on I-75 North in Micanopy, Marion, County, Florida.

Plaintiff, Romanus Sylvester Leonce was driving a Honda Odyssey van, in which his wife, Marcelle Ann Angall-Leonce, was seated as a front seat passenger.

Defendant Joseph Misatuli Leia was driving a 2010 Semi Tractor Trailer owned by Defendant On Point Transport, Inc. at the time of the subject accident.

Defendant Joseph Misatuli Leia was hauling a 2006 53-foot Wabash refrigerated trailer, which was empty at the time of the subject accident.

**g. A concise statement of those issues of law upon which there is agreement.**

Florida State common law substantive law applies, while the Federal Rules of Evidence and Civil Procedure apply.

## h. A concise statement of those issues of fact that remain to be litigated.

The negligence of Defendant Joseph Misatuli Leia; the damages, if any, sustained by the Plaintiffs which were legally and proximately caused by the subject accident; and whether or not Plaintiff Marcelle Ann Angall-Leonce sustained a permanent injury within a degree of reasonable medical probability as a result of the subject accident.

## i. A concise statement of those issues of law that remain for the court's resolution.

Those issues raised in the Motions previously filed and the following specific objections to exhibits:

1. Defense objects to the "plan/recommendations" paragraph on page 2 of the medical record from Florida Surgery Consultants, Dr. Rodas; grounds narrative CME report, prepared solely for litigation purposes.
2. Defendant objects to plaintiff's exhibit J2 Advent Health Sunbelt systems records; grounds relevance. Plaintiff's response – they are relevant as a hospital admission for headaches following accident.
3. Defendant objects to plaintiff's exhibit P, the repair estimate for plaintiff's vehicle on relevance grounds; plaintiff's response – shows the nature and extent of property damage.
4. Defense objects to plaintiff's exhibit P3, photographs of the Leonce family before and after accident; grounds for objection is predicate and relevance; plaintiff's response- will authenticate and show relevance at Trial.
5. Defense objects to plaintiff's exhibit P4, video of roadway in area of accident; defense objects on grounds on predicate and foundation; plaintiff's response – will authenticate at Trial.
6. Defense objects to plaintiff's exhibit P5, photos of I75 roadway in area of accident; defense objects on foundation and predicate grounds; plaintiff's response – will authenticate at Trial.
7. Defense objects to exhibit T, the neuropsychological evaluation by Dr. Arias on grounds of predicate and foundation; plaintiff's response – this is a record made in the regular course of business, it is the primary subject of plaintiff's memorandum of law in response to defendants motion to exclude evidence of social security disability determination.

8. Defense objects to plaintiff's exhibit X, a medical bill summary on grounds of foundation and predicate; plaintiff's response – predicate will be shown at Trial.
9. Plaintiff objects to defendant's exhibit 32 photographs on grounds of lack of authentication. Will be authenticated at the trial.
10. Plaintiff objects to defendant's witness, Brian Fugate, EMT, as he was never listed as a witness and this is a Rule 26 violation.
11. Plaintiff objects to defendant's witness, John Klubenspies, DC, as he was never listed as a witness or treating physician and this is a Rule 26 violation.
12. Plaintiff objects to defendant's witness, Ivo Tremont, MD, as he was never listed as a witness or treating physician and this is a Rule 26 violation.

### j. A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure.

There is no disagreement between the parties as to the applicability of either the Federal Rules of Evidence or Federal Rules of Civil Procedure.

### k. A list of all motions or other matters that require court action.

Plaintiff's Motion in Limine regarding the exclusion of Dr. Steven Bailey's opinions regarding lack of continuing brain symptomotality based on Daubert's grounds.

Plaintiff's Motion to Allow Expert Guntharp to Testify in the Case in Chief.

Defendants' Motion in Limine regarding evidence of Social Security Disability Insurance Determination and Memo of Law.

Plaintiff's Response to Defendants' Motion in Limine regarding evidence of Social Security Disability Insurance Determination and Memo of Law regarding Dr. Arias Evaluation Report.

If certain witnesses are unavailable and need to have their depositions read. It is possible that some objections will require rulings by the court.

### l. A statement whether this is now a jury or a non-jury case.

This is now a jury case.

**m. Counsel's respective estimates of the length of the trial.**

The Parties estimate that the trial could be concluded within five (5) to seven (7) days.

## SIGNATURE OF COUNSEL FOR ALL PARTIES

Respectfully submitted by electronic filing, this 22nd day of March, 2021.

Respectfully submitted,

| | |
|---|---|
| **FINE, FARKASH & PARLAPIANO, P.A.**<br><br>  **/S/ JACK J. FINE**<br>**JACK J. FINE, ESQ.**<br>Florida Bar Number:  223700<br>622 Northeast First Street<br>Gainesville, Florida 32601<br>Telephone: 352-376-6046<br>Facsimile:  877-272-9101<br>Attorney for Plaintiffs<br>Primary Email:<br>jfine@ffplaw.com<br>Secondary Email:<br>jduchaj@ffplaw.com | **FERNANDEZ TRIAL LAWYERS, PA**<br><br>  **/S/ JOHN M. HOWELL, ESQ.**<br>**ELLIS T. 'E.T.' FERNANDEZ, ESQ.**<br>Florida Bar No.: 371556<br>**JOHN MOFFITT HOWELL, ESQ**.<br>Florida Bar No.: 243027<br>8780-200 Perimeter Park Court<br>Jacksonville, FL  32216<br>Telephone: 904-398-8088<br>Facsimile:  904-398-0332<br>Attorney for Defendants<br>Primary Email:<br>Pleadings@Fernandeztl.com<br>Secondary Emails:<br>ET@Fernandeztl.com;<br>JHowell@Fernandeztl.com;<br>KLang-Thorbs@Fernandeztl.com |

## CERTIFICATE OF SERVICE

I hereby certify that on <u>MARCH 22, 2021</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**FINE, FARKASH & PARLAPIANO, P.A.**

BY: */S/JACK J. FINE* _____
**JACK J. FINE, ESQUIRE**
*Attorney for Plaintiff*
Florida Bar Number: 223700

<u>**SERVICE LIST**</u>

MARCELLE ANN ANGALL-LEONCE and ROMANUS SYLVESTER
LEONCE vs.  ON POINT TRANSPORT, INC. AND JOSEPH MISATULI LEIA
Case No.: 1:20-cv-00127-AW-GRJ
United States District Court, Southern District of Florida


John Moffitt Howell, Esq.
pleadings@fernandeztl.com
jhowell@fernandeztl.com
Fernandez Trial Lawyers, PA
8780-200 Perimeter Park Court
Jacksonville, FL  32216
*Attorney for Defendants*

Jack J. Fine, Esquire
jfine@ffplaw.com
jduchaj@ffplaw.com
FINE, FARKASH & PARLAPIANO, P.A.
622 Northeast First Street
Gainesville, Florida 32601
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,
Husband and Wife,

                                 CASE NO.: 1:20-cv-00127-AW-GRJ

      Plaintiff,

v.

ON POINT TRANSPORT, INC. and
JOSEPH MISATULI LEIA,

      Defendants.
_____/

### PLAINTIFF, MARCELLE ANN ANGALL-LEONCE, DISCLOSURE OF EXHIBITS FOR TRIAL

      COMES NOW the Plaintiff, MARCELLE ANN ANGALL-LEONCE, by and through his undersigned counsel, respectfully submit this Disclosure of Exhibits pursuant to this Court's Order Scheduling Pretrial Conference and Jury Trial, and in compliance with the Uniform Pretrial Procedures in Civil Actions of the Court. The Plaintiff may present the following exhibits during the trial of this cause.

      **"S"** means **stipulated** into evidence by the parties. **"A"** means stipulated as to **authenticity**, with objection reserved for relevancy and materiality. **"0"** means **objected** to in its entirety, with the ground(s) stated.

      Any and all medical records, hospital records, health records, payment records and physical therapy records of MARCELLE ANN ANGALL-LEONCE including but not limited to reports, notes, x-rays, billing and payment information, charts, correspondence in diagnostic testing, MRI scans, CT scans, EKG, or any other diagnostic and/or radiographic images from all treating physicians and service providers including the following:

      *\*All exhibits Plaintiffs list/identify in the chart below, or otherwise herein, are listed/identified only to the extent Plaintiffs do not otherwise object to the same.*
H

| NO. | EXHIBIT | S/A/O | GROUND(S) FOR OBJECTION |
|-----|---------|-------|-------------------------|
| 1. | Medical Records from MARION COUNTY EMS | Stipulate into evidence **S** & Stipulate as to authenticity **A** **Admit** | |

| | | | |
|---|---|---|---|
| 2. | Medical Records from HAMILTON COUNTY EMS | S/ A/ O | objection reserved for relevancy or materiality |
| 3. | Medical Records from AMR – RURAL EMS | S /A | |
| 4. | Medical Records from SHANDS AT UF | S /A | |
| 5. | Medical Records from SHANDS RADIOLOGY (CT Scan and DVD) | S /A | |
| 6. | Medical Records from LOGANVILLE FAMILY – DR. TENDOLKAR | S /A | |
| 7. | Medical Records from FAMILY HEALTH CTR – DR. NADIA SADEK | S /A | |
| 8. | Medical Records from CHRIST THE KING MEDICAL CENTER – DR. CONSTANCE GEORGE-ADEBAYO | S /A | |
| 9. | Medical Records from RESURGENS ORTHO | S /A | |
| 10. | Medical Records from WEST ORANGE/ TRUE HEALTH – Dr. Robert Ostheim, DC | S /A | |
| 11. | Medical Records from STAND UP MRI | S /A | |
| 12. | Medical Records from NEUROSPINE – Dr. Mitchell Supler | S /A | |
| 13. | Medical Records from NOC PHYSICIANS ASSOC – Carr | S /A | |

| 14. | Medical Records from NOC PHYSICIANS ASSOC – Carr  (Prior Records) | S/ O | π objects to prior records (▲ CARR EXHIBITS COMBINED) |
|---|---|---|---|
| 15. | Medical Records from FL SURGERY CONS. -Dr. Rodas | ▲ Objection to pg. 2 entire ℙ - Plans & Recommendations – Pltf does NOT agree | Objection be defense |
| 16. | Medical Records from ADVENT HEALTH CTs | **S /A** | |
| 17. | Medical Records from ADVENT HEALTH RADIOLOGY / IMAGING Studies **(CDS)** | **S /A** | |
| 18. | Medical Records from ADVENT HEALTH SUNBELT SYSTEMS | ▲ Objected to in its entirety and the grounds: | Irrelevant and immaterial |
| 19. | Medical Records from MARC SHARFMAN, MD | ▲ Objection to pgs. 46 to 66 IME Report 9.30.20 | |
| 20. | Medical Records from MARC SHARFMAN Disability Medical Request Form12.7.15 | **S /A** | |
| 21. | Medical Records from MARC SHARFMAN Physical Ability Assessment 5.19.16 | **S /A** | |
| 22. | Medical Records from SIMON MED MRI | **S /A** | |
| 23. | Medical Records from ERLANGER EAST HOSPITAL | **S /A** | |
| 24. | Medical Records from SE PHYSIOTHERAPY | **S /A** | |
| 25. | Medical Records from AICA Ortho and Spine | **S /A** | |

| 26. | FL TRAFFIC CRASH REPORT | ▲ Objected to in its entirety and the grounds: | Irrelevant and immaterial; inadmissible, hearsay and predicate |
|---|---|---|---|
| 27. | ELITE AUTO COLLISION PD ESTIMATE | ▲ Objected to in its entirety and the grounds: | cost to repair Irrelevant |
| 28. | PROPERTY DAMAGE PHOTOS FROM ELITE | S /A | |
| 29. | PROPERTY DAMAGE DAMAGE PHOTOS FROM GEICO | S /A | |
| 30. | BEFORE AND AFTER PHOTOGRAPHS | Stipulate as to authenticity S- ▲ Objected to in its entirety and the grounds: Predicate | |
| 31. | MOVING ROAD VIDEO OF I-75 ROADWAY AT MM 372 | ▲ Objected to in its entirety and the grounds: | Predicate and Foundation |
| 32. | PHOTOS OF I-75 ROADWAY TAKEN BY GUNTHARP | ▲ Objected to in its entirety and the grounds: | Predicate and Foundation |
| 33. | Economist Report from expert, Joyce Eastridge | Doesn't come in – expert to testify live | |
| 34. | Vocational Rehabilitation Expert Report from Lisa Hellier, Spruance & Associates | Doesn't come in – expert to testify live | |
| 35. | Social Security Admin Docs - Social Security Disability Forms, Wage forms and tax returns – just rec'd 319 pgs 3/10/21 | | |
| 36. | Marc Sharfman IME Report 9/30/20 | Doesn't come in – expert to testify live | |
| 37. | Neuropsychological Evaluation – Dr. Alejandro Arias | ▲ Objected to in its entirety and the grounds: IME Report - | Predicate and Foundation |

| | | | |
|---|---|---|---|
| 38. | Akerman 2nd Opinion MRI REPORTS (REBUTTAL) | ▲ Objected to in its entirety and the grounds: | Predicate |
| 39. | LIFE CARE PLAN from Physician Life Care Planning (Dr. Leber) | Doesn't come in – expert to testify live | |
| 40. | Medical Visits and treatment, attendance logs plotted on calendar | ▲ Objection reserved until seen | |
| 41. | MORTALITY Tables | Stipulate into evidence & Stipulate as to authenticity **Admit** | |
| 42. | MEDICAL BILL SUMMARY | ▲ Objection on foundation till established – predicate | |
| 43. | MEDICAL BILLS | **S /A** | |
| 44. | MARCELLE ANGALL-LEONCE  Deposition transcript, depo exhibits | | |
| 45. | ROMANUS LEONCE  Deposition transcript, depo exhibits | | |
| 46. | LISA HELLIER (SPRUANCE & ASSOCIATES)  Deposition transcript, depo exhibits | | |
| 47. | DR. CHRISTOPHER LEBER  Deposition transcript, depo exhibits | | |
| 48. | DR. MARC SHARFMAN – VOLUME I  Deposition Transcript and exhibits | | |
| 49. | DR. MARC SHARFMAN – VOLUME II | | |

| | | | |
|---|---|---|---|
| | Deposition Transcript and exhibits | | |
| 50. | DR. STEVEN BAILEY – DEFENSE CME<br><br>Deposition transcript and depo exhibits | | |
| 51. | CHRISTINA COMISAREK – DEFENSE TRUCKING EXPERT<br><br>Deposition transcript, and depo exhibits | | |
| 52. | GEOFFREY NEGIN – DEFENSE RADIOLOGIST<br><br>Deposition transcript, and depo exhibits | | |
| 53. | JOSEPH MISATULI LEIA<br><br>Deposition transcript, and depo exhibits | | |
| 54. | ON POINT – RAJINDER DOSANJH<br><br>Deposition transcript, and depo exhibits | | |
| 55. | ANDREW AKERMAN, MD<br><br>Deposition transcript, and depo exhibits | | |
| 56. | WALTER GUNTHARP<br><br>Deposition transcript, and depo exhibits | | |
| 57. | 49 CFR § 392.14 – Hazardous conditions; extreme caution | | |
| 58. | ROBERT OSTHEIM, DC<br><br>Deposition transcript, and depo exhibits | | |
| 59. | Economist Report from expert, Joyce Eastridge | | |
| 60. | Employment records from SELECT MEDICAL CORP. | | |
| 61. | Employment records from SELECT SPECIALTY HOSPITAL | | |
| 62. | Employment records from SUWANNEE MEDICAL STAFFING | | |

| 63. | LIFE CARE PLAN from Physician Life Care Planning (Dr. Leber) | | |
|-----|---|---|---|
| 64. | Medical Visits and treatment, attendance logs plotted on calendar | | |
| 65. | JOYCE EASTRIDGE, MBA<br><br>Deposition transcript, depo exhibits and Video-Depo | | |
| 66. | JOHN MURDOCH, PE<br><br>Deposition Transcript and exhibits | | |
| 67. | DR. KARL SIEBUHR<br><br>Deposition transcript, depo exhibits and Video-Depo | | |
| 68. | DR. CHRISTOPHER LEBER<br><br>Deposition transcript, depo exhibits and Video-Depo | | |

69.    Video(s) of Compulsory Medical Examination(s).

70.    Any CME/IME reports taken of the plaintiff.

71.    Google Earth aerial photographs and any and all aerial or other photographs of the accident scene.

72.    Any and all property damage photographs and estimates.

73.    Any and all reports, diagrams, statements, photographs, videos, or other documents prepared by any party, expert, witness, or on behalf of any party concerning the incident.

74.    Any and all photographs relating to this cause of action including, but not limited to, photographs demonstrating the scene of the incident, any and all photographs of MARCELLE ANN ANGALL-LEONCE before and after the July 26, 2015 motor vehicle accident.

75.    Any and all reports, diagrams, statements, photographs, videos, demonstrative aids, or other documents prepared by or to be relied upon by Plaintiff's experts.

76. Curriculum Vitae of Plaintiff's experts.

77. Any and all phone records and cell phone records of the parties.

78. Any and all transcripts of depositions and video depositions taken, or to be taken, of parties and non-parties, including any exhibits, documents, and videos attached to or made a part of the deposition in this cause.

79. Any and all documents in responses to Requests for Production by any and all parties to this action filed in this cause.

80. Any and all answers to interrogatories by any and all parties to this action filed in this cause.

81. Any and all responses to requests for admission.

82. Any and all documents produced in response to Notice of Production from Non-Party and Subpoenas Duces Tecum, with or without deposition.

83. All documents and records produced by the parties in this action.

84. All exhibits listed by the Defendant.

85. Any and all workers compensation records of Plaintiff.

86. Any and all anatomical models, diagrams, charts, medical illustrations, CT scans, MRI's or other radiographic exhibits, charts, slides, photographs, videotapes or other demonstrative exhibits as needed.

87. Any and all reports, documents, witness reports, notes, videos and records or other writings from or relating to any witness or expert witness testifying on behalf of any of the parties herein.

88. Any and all videotapes relating to this cause of action including, but not limited to videotape demonstrating the scene of the incident or physical condition of the Plaintiff.

89. Any and all sketches of the incident scene.

90. Anatomical maps, charts, and models.

91. Driving record of Defendant(s).

92. Any and all crash reports from accidents involving Defendant.

93. Any and all medical records, reports, office notes, nurses' notes, MRI's X-rays and

X-ray reports, diagnostic reports and records, and any other document pertaining to MARCELLE ANN ANGALL-LEONCE in the possession and control of any and all hospitals; diagnostic facilities and therapy facilities listed in Plaintiff's witness list, or discovered prior to trial, to be disclosed in a timely fashion.

94.     Any and all videotapes and photographs related to this cause of action.

95.     Any and all blow-ups of records and any exhibits listed above and by any other party.

96.     Mortality Tables.

97.     Any and all exhibits discovered prior to trial. Plaintiff shall disclose such exhibits to Defendant in a timely fashion.

98.     Any and all exhibits listed by Defendant.  Plaintiff reserves all objections to any and all exhibits listed by any party to this action.

99.     Any and all recorded statements.

100.    Any and all employment records.

101.    Any and all tax returns of Plaintiff.

102.    Any and all subrogation liens.

103.    Any and all CAD reports and 911 records related to this cause of action.

This Exhibit List is being served in accordance with this Court's Order Scheduling Pretrial Conference and Jury Trial.  This action has been set for jury trial for the trial docket beginning April 7, 2021.

Plaintiff reserves the right to amend or supplement this exhibit list should additional witnesses be identified through discovery prior to the trial of this cause in accordance with Florida law and Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of this pleading has been furnished via email to: John Moffitt Howell, Esq., and E.T. Fernandez, Esq., Fernandez Trial Lawyers, PA, 8780-200 Perimeter Park Court, Jacksonville, FL 32216, pleadings@fernandeztl.com, JHowell@Fernandeztl.com, KLang-Thorbs@Fernandeztl.com, on this 29 day of March, 2021.

Respectfully submitted,

**FINE, FARKASH & PARLAPIANO, P.A.**
622 Northeast First Street
Gainesville, Florida 32601
Telephone: 352-376-6046
Facsimile: 877-272-9101

BY: _____

**JACK J. FINE, ESQ.**
*Attorney for Plaintiff*
Florida Bar Number: 223700
Primary Email: jfine@ffplaw.com
Secondary Email: jduchaj@ffplaw.com

**MARCELLE ANN ANGALL-LEONCE**
**and ROMANUS SYLVESTER LEONCE,**

        **Plaintiffs,**

**v.**                             **CASE NO.: 1:20-cv-127-AW-GRJ**

**ON POINT TRANSPORT, INC., AND**     \_\_\_\_\_ **Evidentiary**
**JOSEPH MISATULI LEIA**                \_\_X\_\_ **Trial**
                                  \_\_\_\_\_ **Other**

        **Defendants.**

_____/

| | | | | | |
|---|---|---|---|---|---|
| **DEFENDANTS' EXHIBIT LIST** | | | | | |
| **Exhibit** | **Date Identified** | **Date Admitted** | **Witness** | **Plaintiff's Objection(s)** | **Description** |
| A. | | | | | Records, etc., from Adventhealth Orlando |
| B. | | | | | Records, etc., from AICA Orthopedics |
| C. | | | | Objection: Relevance | Records, etc., from Altamonte Medical Associates |
| D. | | | | | Records, etc., from AMR Rural/Metro Ambulance-Orlando |
| E. | | | | | Records, etc., from American Academy of Nurse Practitioners |
| F. | | | | | Records, etc., from Christ The King Medical Center |
| G. | | | | | Records, etc., from Erlanger East Hospital |
| H. | | | | | Records, etc., from Florida Surgery Consultants |
| I. | | | | | Records, etc., from Gwinnett County Fire & Emergency Services |

| | | | | | |
|---|---|---|---|---|---|
| **EXHIBIT LIST – CONTINUATION SHEET** | | | | | |
| **Exhibit No.** | **Date Identified** | **Date Admitted** | **Witness** | **Plaintiff's Objection(s)** | **Description** |
| **J.** | | | | | Records, etc., from Gwinnett Medical Center |
| **K.** | | | | | Records, etc., from Headache and Neurological Treatment Institute |
| **L.** | | | | | Records, etc., from Loganville Family Medicine |
| **M.** | | | | | Records, etc., from Marion County Fire Rescue |
| **N.** | | | | | Records, etc., from Masson Spine Institute |
| **O.** | | | | | Records, etc., from Nadia Sadek M.D. |
| **P.** | | | | | Records, etc., from NOC Physicians Associates |
| **Q.** | | | | | Records, etc., from Northside Hospital - Employment |
| **R.** | | | | | Records, etc., from Orlando Health, Inc. |
| **S.** | | | | | Records, etc., from Physiotherapy Associates |
| **T.** | | | | | Records, etc., from Resurgens Orthopaedics |
| **U.** | | | | | Records, etc., from SimonMed |
| **V.** | | | | | Records, etc., from Southern Adventist University |

| | | EXHIBIT LIST – CONTINUATION SHEET | | | |
|---|---|---|---|---|---|
| **Exhibit No.** | **Date Identified** | **Date Admitted** | **Witness** | **Objection** | **Description** |
| W. | | | | | **Records, etc., from Stand Up MRI of Orlando** |
| X. | | | | | **Records, etc., from TeleMed America** |
| Y. | | | | | **Records, etc., from Tru Health - West Orange Wellness & Injury Center** |
| Z. | | | | | **Records, etc., from UF Health Shands - Gainesville** |
| AA. | | | | **Objection: Relevance** | **Marcelle Angall-Leonce Answers To Interrogatories** |
| BB. | | | | **Objection: Relevance** | **Recorded statement of Marcelle Angall-Leonce** |
| CC. | | | | | **Records, etc., from AdventHealth Altamonte Springs (Romanus)** |
| DD. | | | | | **Records, etc., from Loganville Family Medicine (Romanus)** |
| EE. | | | | | **Records, etc., from UF Shands Hospital (Romanus)** |
| FF. | | | | | **Romanus Leonce Answers to Interrogatories** |
| GG. | | | | | **Recorded statement of Romanus Leonce** |
| HH. | | | | | **Photographs** |

Any and all pleadings and other papers filed by any party in this case to the extent Defendants do not object to same.

Depositions, exhibits to any depositions and videos of depositions related to this action to the extent Defendants do not object to same.

Demonstrative evidence necessary for any expert opinion to the extent Defendants do not object to same.

Blowups and enlargements of exhibits.

Demonstrative aids (diagrams, charts, maps, applicable statutes and rules).

Documents and materials produced by any party during the course of discovery in this case to the extent Defendants do not object to same.

All exhibits listed by Plaintiff to the extent Defendants do not object to same.

Impeachment and rebuttal documents to the extent Defendants do not object to same.

All diagrams and drawings of the scene of the accident to the extent Defendants do not object to same.

All statements of witnesses to the accident to the extent Defendants do not object to same.

All video recordings relative to this incident and accident scene to the extent Defendants do not object to same.

The foregoing represents Defendants list of exhibits it currently intend to utilize at trial. Defendants reserve the right to disclose additional documents/imaging as responses to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action come in, and upon proper notice to the parties.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,
Husband and Wife,

                                    CASE NO.: 1:20-cv-00127-AW-GRJ

        Plaintiff,

v.

ON POINT TRANSPORT, INC. and
JOSEPH MISATULI LEIA,

        Defendants.
_____/

## PLAINTIFF'S RULE 26(a)(3) PRETRIAL DISCLOSURES

        Pursuant to Rule 3.06 of the Local Rules of the United States District Court for the Middle District of Florida, Rule 26(a)(3) of the Federal Rules of Civil Procedure, and the Order for Pretrial Conference entered February 25, 2021 [DOC 32], Plaintiff, MARCELLE ANN ANGALL-LEONCE and ROMANUS SYLVESTER LEONCE, ("Plaintiff"), and hereby make the following pretrial disclosures:

## I.    RULE 26(a)(3)(A):  IDENTIFICATION OF WITNESSES

### Witnesses Plaintiff's Expect to Present

    1.      CHRISTOPHER M. LEBER, MD, FAAPMR, CLCP    *EXPERT*
             Physicians Life Care Planning
             SIMED Spine and Neurosurgery
             4343 W. Newberry Road
             Gainesville, FL 32607
             Telephone: 866-888-7352

    2.      Joyce Eastridge, M.B.A.             *EXPERT*
             Economist, Inc
             600 S. Magnolia Avenue, Suite 100
             Tampa, FL  33606
             Telephone:  813-280-2935

3.    Lisa Hellier, MS, CRC, CVE, CCM, CLCP          *EXPERT*
      Rehabilitation Consultant
      Spruance & Associates, Inc./ Disability Management
      4604 Atlantic Blvd., Suite 18
      Jacksonville, FL  32207
      Telephone: 904-399-5357

4.    Marc Irwin Sharfman, MD, PA                    *EXPERT*
      Headache & Neuro Treatment Institute
      2137 W. SR 434
      Longwood, FL 32779
      407-644-6079 and 407-644-3737

5.    Treating physician
      Dr. Marc Irwin Sharfman, M.D., P.A.          (407) 644-3737
      Board Certified Neurologist
      Records Custodian and/or Representative of
      Headache and Neurological Treatment Institute
      2137 W. State Road 434
      Longwood, FL  32779
      Medical Treatment: physical therapy, vestibular therapy, cognitive behavioral
      therapy (CBT), and other tests like EEG, EMG and others

6.    Treating physician
      Dr. Robert Ostheim, DC                       (407) 877-7117
      Records Custodian and/or Representative of
      TruHealth, LLC/West Orange Wellness & Injury Center
      288 Moore Road
      Ocoee, Florida 34761

7.    Dr. Andrew Akerman, MD                        (407) 629-7160
      Records Custodian and/or Representative of
      SimonMed Imaging /  MRI SimonMed Florida Winter Park (location of MRI)
      1110 W. Fairbanks Ave.
      Winter Park, FL 32789
      407-629-7160 / 888-685-3907 (billing)
      MRI diagnostic testing/Radiologist and       *REBUTTAL EXPERT*

8.    MARCELLE ANN ANGALL-LEONCE
      c/o Jack Fine, Esquire
      Fine, Farkash & Parlapiano, P.A.
      622 NE First Street
      Gainesville, FL 32601
      (352) 372-7777
      Plaintiff has knowledge and information about underlying claim as to liability,
      injuries and damages.

5. **ROMANUS SYLVESTER LEONCE**
c/o Jack Fine, Esquire
Fine, Farkash & Parlapiano, P.A.
622 NE First Street
Gainesville, FL 32601
(352) 372-7777
Plaintiff has knowledge and information about underlying claim as to liability, injuries and damages.

6. **GABRIELLE LEONCE-MENDEZ**
c/o Jack Fine, Esquire
Fine, Farkash & Parlapiano, P.A.
622 NE First Street
Gainesville, FL 32601
(352) 372-7777
Plaintiffs' daughter/Before and After Witness

7. **MARY GRIFFITHS**
907 Cavan Drive
Apopka, FL 32703
407-936-5698
Before and After Witness (family friend)

8. **PEGGY ANGALL**
6723 King Rail Ct
Orlando, FL 32810
407-591-8386
Plaintiff's sister/Before and After Witness

9. Gabrielle Leonce-Mendez
560 Bay Grove Road
Loganville, GA 30052
407-715-7453
Plaintiffs' daughter/Before and After Witness

10. Oriel Leonce
560 Bay Grove Road
Loganville, GA 30052
407-409-4715
Plaintiffs' daughter/Before and After Witness

11. Shane Mendez
2338 Sandridge Circle
Eustis, FL 32726
561-215-1509
Plaintiffs' son-in-law/Before and After Witness

12. Rajindersing H. Dosanjh
    32001 Avenue 11 ¼
    Madera, California 93636
    (559) 206-9550
    Mr. Dosanjh was the CEO of On Point Transport, Inc.

13. Joseph Misatuli Leia
    8633 East Manning Avenue
    Selma, California 93662
    (559) 790-9322
    Mr. Leia is the Defendant driver.

14. Kimo Leia
    2020 Young Street
    Apartment 102 Selma, California 93662
    (Telephone number unknown)
    Kimo Leia was a passenger in the Defendant's vehicle at the time of the accident.

15. Trooper A. Perez, Florida Highway Patrol Badge #3678
    Troop B
    600 SE 25th Avenue
    Ocala, FL  34471
    352-512-6630
    Trooper Perez investigated the accident on behalf of Florida Highway Patrol

16. Dr. Andrew Akerman, MD
    SimonMed Imaging /  MRI SimonMed Florida Winter Park (location of MRI)
    1110 W. Fairbanks Ave.
    Winter Park, FL 32789
    407-629-7160 / 888-685-3907 (billing)
    MRI diagnostic testing/Radiologist

17. Dr. Mark J. Timken, MD, RPVI
    Stand Up MRI of Orlando
    2010 S. Orange Avenue
    Orlando, FL  328067
    407-841-1800
    MRI diagnostic testing/Radiologist

18. Dr. Alejandro J Arias (Cigna Disability Psych-Neuro evaluation)
    Psychological & Neurobehavioral Associates Inc.
    P.O. Box 278455
    Miramar, FL  33027
    dr.alex@mindspring.com
    305-766-5629 / 305-390-2963
    CIGNA hired Dr. Arias to do Disability Evaluation

19.     Walter A. Guntharp, Jr.                      (317) 485-6114
        Guntharp & Associates              **REBUTTAL WITNESS**
        8498 West Fall Creek Drive
        Pendleton, Indiana  46064
        Rebuttal Expert Trucking Witness

20.     Dr. Andrew Akerman, MD                       (754) 230-6917
        South Beach Radiology Services, LLC     **REBUTTAL WITNESS**
        650 West Avenue, Suite 2302
        Miami Beach, FL  33139
        Rebuttal Expert Radiologist Witness

**Witnesses Plaintiff's May Call if the Need Arises**

**21.**    Dr. Deanna Carr
        Physician Associates Family Medicine
        1134 Kelton Ave
        Ocoee, Fl 34761
        407-306-6355
        Medical Treatment

22.     Dr. Constance George-Adebayo
        Christ the King Medical Center
        3531 Highway 81 S.
        Loganville, GA 30052
        770–554–8015
        Medical Treatment

23.     Dr. F. Daniel Koch
        Resurgens Orthopedics, PC
        1600 Medical Way Suite#150
        Snellville, GA 30078
        404-847-9999
        Orthopedic Treatment

24.     Dr. Robert Ostheim
        West Orange Wellness & Injury Center
        288 Moore Road
        Ocoee, FL 34761
        407-877-7117
        Subject: Medical Treatment

25.     Dr. Nadia M. Sadek, MD
        Family Health Center
        1151 Blackwood Ave., #150

Ocoee, FL 34761
407–297–3838
(referred to Dr. Tawfiq Al-Lahham)
Medical Treatment - 48/72 hrs. EEG at home ordered by Dr. Sadek

26.    Dr. Raul Rodas, DO
        Florida Surgery Consultants (Rodas no longer with this practice)
        604 Robin Road, Suite 1
        Lakeland, FL  33803
        (35111 US North FL, Palm Harbor, FL 34684)
        407-704-8925
        Subject: Medical Treatment

27.    Dr. Sanjeev Tendolkar
        Loganville Family Medicine
        4589 Lawrenceville Road
        Loganville, GA  30052
        770-466-8672
        Medical Treatment

28.    Dr. Tawfiq Al-Lahham
        Neurosurgeon
        1000 West Colonial Dr. Suite 289
        Ocoee, FL 34761
        407–296–1910
        Medical Treatment

29.    Any and all witnesses identified by Defendant.

30.    Any and all witnesses called by Defendant.

31.    Any impeachment and rebuttal witnesses as necessary.

32.    Any custodian of records necessary to authenticate documents.

33.    All other treating medical providers identified during Discovery by any party.

## II. RULE 26(a)(3)(B):  DEPOSITION DESIGNATIONS

Plaintiff expects to present Dr. Robert Ostheim's testimony by deposition (objections are to be ruled on).

Plaintiff reserves the right to further designate depositions if a witness listed above becomes unavailable.

## III. RULE 26(a)(3)(C):  IDENTIFICATION OF EXHIBITS

### Exhibits Plaintiff's Expect to Present

1. Medical Records from
   MARION COUNTY EMS

2. Medical Records from
   HAMILTON COUNTY EMS

3. Medical Records from
   AMR – RURAL EMS

4. Medical Records from
   SHANDS AT UF

5. Medical Records from
   SHANDS RADIOLOGY  (CT Scan and DVD)

6. Medical Records from
   LOGANVILLE FAMILY – DR. TENDOLKAR

7. Medical Records from
   FAMILY HEALTH CTR – DR. NADIA SADEK

8. Medical Records from
   CHRIST THE KING MEDICAL CENTER – DR. CONSTANCE
   GEORGE-ADEBAYO

9. Medical Records from
   RESURGENS ORTHO

10. Medical Records from
    WEST ORANGE/ TRUE HEALTH – Dr. Robert Ostheim, DC

11. Medical Records from
    STAND UP MRI

12. Medical Records from
    NEUROSPINE – Dr. Mitchell Supler

13. Medical Records from
    NOC PHYSICIANS ASSOC – Dr. Carr

14. Medical Records from
    FL SURGERY CONS. -Dr. Rodas

15. Medical Records from
    ADVENT HEALTH CTs

16. Medical Records from ADVENT HEALTH RADIOLOGY /
    IMAGING Studies **(CDS)**

17. Medical Records from
    ADVENT HEALTH SUNBELT SYSTEMS

18. Medical Records from
    HEADACHE AND NEUROLOGICAL TREATMENT INSTITUTE
    (MARC SHARFMAN, MD)

19. Medical Records from
    MARC SHARFMAN Disability Medical Request Form12.7.15

20. Medical Records from
    MARC SHARFMAN Physical Ability Assessment 5.19.16

21. Medical Records from
    SIMON MED MRI

22. Medical Records from
    ERLANGER EAST HOSPITAL

23. Medical Records from SE PHYSIOTHERAPY

24. Medical Records from AICA Ortho and Spine

25. FL TRAFFIC CRASH REPORT

26. ELITE AUTO COLLISION PD ESTIMATE

27. PROPERTY DAMAGE PHOTOS FROM ELITE

28. PROPERTY DAMAGE DAMAGE PHOTOS FROM GEICO

29. BEFORE AND AFTER PHOTOGRAPHS

30. MOVING ROAD VIDEO OF I-75 ROADWAY AT MM 372

31. PHOTOS OF I-75 ROADWAY TAKEN BY GUNTHARP

32. Economist Report from expert, Joyce Eastridge

33. Vocational Rehabilitation Expert Report from Lisa Hellier, Spruance & Associates

34. Marc Sharfman IME Report 9/30/20

35. Neuropsychological Evaluation – Dr. Alejandro Arias

36. Akerman 2nd Opinion MRI REPORTS (REBUTTAL)

37. LIFE CARE PLAN from Physician Life Care Planning (Dr. Leber)

38. Medical Visits and treatment, attendance logs plotted on calendar

39. MORTALITY Tables

40. MEDICAL BILL SUMMARY

41. MEDICAL BILLS

42. 49 CFR § 392.14 – Hazardous conditions; extreme caution


## Exhibits Plaintiff May Offer if the Need Arises

43. Marcelle Angall-Leonce PRIOR Medical Records

44. Florida Traffic Crash Report D/L: 7/26/15

45. Cigna Disability file of MARCELLE ANGALL-LEONCE

46. Wage Loss Documents and Tax Returns of MARCELLE ANGALL-LEONCE

47. MARCELLE ANGALL-LEONCE
Deposition transcript, depo exhibits

48. ROMANUS LEONCE
Deposition transcript, depo exhibits

49. LISA HELLIER (SPRUANCE & ASSOCIATES)
Deposition transcript, depo exhibits

50. DR. CHRISTOPHER LEBER
    Deposition transcript, depo exhibits

51. DR. MARC SHARFMAN – VOLUME I
    Deposition Transcript and exhibits

52. DR. MARC SHARFMAN – VOLUME II
    Deposition Transcript and exhibits

53. DR. STEVEN BAILEY – DEFENSE CME
    Deposition transcript and depo exhibits

54. CHRISTINA COMISAREK – DEFENSE TRUCKING EXPERT
    Deposition transcript, and depo exhibits

55. GEOFFREY NEGIN – DEFENSE RADIOLOGIST
    Deposition transcript, and depo exhibits

56. JOSEPH MISATULI LEIA
    Deposition transcript, and depo exhibits

57. ON POINT – RAJINDER DOSANJH
    Deposition transcript, and depo exhibits

58. ANDREW AKERMAN, MD
    Deposition transcript, and depo exhibits

59. WALTER GUNTHARP
    Deposition transcript, and depo exhibits

60. ROBERT OSTHEIM, DC
    Deposition transcript, and depo exhibits

61. Plaintiff reserves the right to use any exhibits listed by any other party.

62. Any newly discovered evidence, records, reports, and exhibits.

63. Applicable Florida Statutes, Federal Statutes and all applicable ordinances in regards to this case

64. All papers, records, and writings provided by Defendant to Plaintiff in this case and/or attached to pleadings, papers, motions or other filings in this case.

65. Plaintiff reserves the right to supplement and/or amend this Exhibit List.

66.     Plaintiff reserves any and all objections to any and all exhibits listed by any other party in this action.


34.     It is hereby further disclosed that, all medical providers listed in this pretrial disclosure, witness disclosure and/or expert witness disclosure will testify regarding their care and treatment of the Plaintiff, as well as render expert medical opinions, said expert will also give opinions within a reasonable degree of probability within the field of testimony, regarding causation of plaintiff's injuries, permanency of Injuries, prognosis of the plaintiff, limitations and restrictions of the Plaintiff,  impairment ratings, loss of bodily function, or significant scarring, and whether the expert relates his/her involvement and expense to the event sued upon.  They will also testify regarding the reasonableness and the necessity of the plaintiff's medical care up until the time of trial and the need for future medical care.  They will testify as to the matters contained within their medical records as well as the plaintiff's history, physical examinations, and diagnostic tests as well as the cost for past and anticipated future medical care and treatment. Said expert will also give opinions within a reasonable degree of probability within the field of testimony, about the future needs of the patient in terms of care, frequency of visits, follow-up surgeries, prescriptions, imaging, home care, physical therapy P.R.N., household and job changes or aids, assistive devices, hospitalizations necessary, procedures necessary and the projected costs of these along with any other foreseeable needs and expenses within the expertise of the treating doctor.  All expenses, both past and future, will be given in present day dollars. Those opinions at trial will be preceded by the expert's testimony as to his or her credentials.

35.     A witness who is not a "retained expert" under Florida Law pursuant to *Frantz v. Golebiewski,* 407 So2d 283 (Fla. 3d DCA 1981); *Ryder Truck Rental v. Perez,* 715 So.2d 289, (Fla. 3d DCA 1981); and *Winn-Dixie v. Miles,* 616 So.2d 1108, (Fla. 5th DCA 1993), however due to their position in this case, may offer both factual and expert testimony, including but not limited to liability, causation, permanency and damages both past and future.  These witnesses are expected to testify concerning his or her interaction with the Plaintiff, any conclusions, any treatment modalities provided, and any recommendations and opinions regarding Plaintiff's future, including the necessity of future treatment and the costs associated with such. The basis for this testimony may include the depositions in this matter, the medical records, the physical evidence, any photographs, any accident reports, any witness statements and any other discovery in this matter.  Defendant(s) are hereby offered to take the depositions of any such designated witnesses to inquire further.

36.     This Rule 26 Disclosure is being served in accordance with this Court's Scheduling and Mediation Order dated July 21, 2020 and Order for Pretrial Conference  entered February 25, 2021. This action has been set for jury trial for the trial docket beginning April 7, 2021.

37.     Plaintiff reserves the right to amend or supplement this Pretrial disclosure should additional witnesses or exhibits be identified through discovery prior to the trial of this cause in accordance with Florida law and Florida Rules of Civil Procedure.

38.     Plaintiffs, MARCELLE ANN ANGALL-LEONCE AND ROMANUS SYLVESTER LEONCE, HUSBAND AND WIFE, reserve the right to supplement these disclosures when required and as allowed under Fed.R.Civ.P. 26(e)(2).

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true copy of this pleading has been furnished via email to: John Moffitt Howell, Esq., and E.T. Fernandez, Esq., Fernandez Trial Lawyers, PA, 8780-200 Perimeter Park Court, Jacksonville, FL 32216, pleadings@fernandeztl.com, JHowell@Fernandeztl.com, KLang-Thorbs@Fernandeztl.com, on this 8th day of March, 2021.

Respectfully submitted,

**FINE, FARKASH & PARLAPIANO, P.A.**
622 Northeast First Street
Gainesville, Florida 32601
Telephone: 352-376-6046
Facsimile:  877-272-9101

BY:     _/S/  JACK J. FINE_
**JACK J. FINE, ESQ.**
*Attorney for Plaintiff*
Florida Bar Number:  223700
Primary Email: jfine@ffplaw.com
Secondary Email: jduchaj@ffplaw.com

MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,

        Plaintiffs,

v.                                        CASE NO.: 1:20-cv-127-AW-GRJ

ON POINT TRANSPORT, INC., AND
JOSEPH MISATULI LEIA

        Defendants.

_____/

## DEFENDANTS' WITNESS LIST

      **COME NOW** the Defendants, **ON POINT TRANSPORT, INC.,** and **JOSEPH MISATULI LEIA,** by and through their undersigned counsel, and pursuant to this Court's Order For Pretrial Conference dated February 25, 2021 (Doc. #32), hereby discloses the following witnesses to be called at trial during the two-week trial term beginning Wednesday, April 7, 2021:

1.     Marcelle Ann Angall-Leonce

2.     Romanus Sylvester Leonce

3.     Joseph Misatuli Leia

4.     Steven Bailey, M.D. with Southern Integrated Neurosurgery
        Defendants' Expert Witness

5.     Christina Comisarek with North East Commercial Safety Consulting
        Defendants Expert Witness

6.     Geoffrey Negin, M.D.
        Defendants' Expert Witness

7.     FHP Trooper A. Perez

8.      Brian Fugate, EMT with Marion County Fire & Rescue

9.      John Klubenspies, D.C. with AICA Orthopedics

10.    Ivo Tremont, M.D. with Houston Methodist Hospital, Department of Neurosurgery


Any witnesses listed by the Plaintiffs to the extent that Defendants do not otherwise object to same.

Any and all of the witnesses revealed through discovery to the extent that Defendants do not otherwise object to same.

Any and all rebuttal and/or impeachment witnesses.

This Defendants reserve the right to amend or supplement this witness list prior to the trial of this cause in accordance with Florida law and Florida Rules of Civil Procedure.

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,**
      **Plaintiffs,**

**v.**                                    **Case No.: 1:20-cv-127-AW-GRJ**

**ON POINT TRANSPORT, INC., and
JOSEPH MISATULI LEIA**
      **Defendants.**

_____/

## <u>VERDICT</u>

We, the jury, return the following verdict:

     1.    Was there negligence on the part of Defendant, JOSEPH MISATULI LEIA, which was a legal cause of loss, injury or damage to the Plaintiff, MARCELLE ANN ANGALL-LEONCE?

ANSWER:       YES_____          NO_____

If your answer to question 1 is NO, your verdict is for the Defendants, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.

     2.    What is the amount of any damages sustained by Plaintiff, MARCELLE ANN ANGALL-LEONCE, for medical expenses,

                            a. in the past?          $_____

                            b. in the future?      $_____

Please answer question 3.

     3.    What is the amount of any damages sustained by the Plaintiff, MARCELLE ANN ANGALL-LEONCE, for lost earnings or earning ability,

                            a. in the past?          $_____

                            b. in the future?      $_____

        c. Total of the above damages (add lines 2a, 2b, 3a and 3b)    **$_____**

Please answer question 4.

4.     Were any of the injuries sustained by Plaintiff, MARCELLE ANN ANGALL-LEONCE, as a result of this crash, in whole or in part, permanent, within a reasonable degree of medical probability?

ANSWER:          YES_____               NO_____


If your answer to question 4 is NO, you should not proceed further except to date and sign this verdict form and return it to the courtroom.  If your answer to question 4 is YES, please answer question 5.


5.     What is the total amount of Plaintiff, MARCELLE ANN ANGALL-LEONCE's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?

a. in the past?          $_____

b. in the future?          $_____


c. Total of the above damages (add lines 5a and 5b):          **$_____**

Please answer question 6.


Total of the above damages (add lines 3c and 5c):          **$_____**


**SO SAY WE ALL,** this ____ day of April, 2021.


_____
FOREPERSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,
Husband and Wife,

                                         CASE NO.: 1:20-cv-00127-AW-GRJ

       Plaintiff,

v.


ON POINT TRANSPORT, INC. and
JOSEPH MISATULI LEIA,

       Defendants.
_____/


**<u>PROPOSED JURY INSTRUCTIONS</u>**

# INSTRUCTION 1
## General Preliminary Instruction
## Eleventh Circuit Pattern Jury Instruction 1.1

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't

personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Marcelle Angall-Leonce and Romanus Leonce, claim that Defendant, Joseph Leia, while driving a tractor-trailer as part of his employment with Defendant On Point Transport, negligently caused a collision between that tractor-trailer and a vehicle being driven by Mr. Leonce. The Plaintiffs further contend that this collision caused loss, injury, and damages to Mrs. Angall-Leonce and that as a result of his wife's

injuries, Mr. Leonce lost companionship, affection, solace, society, assistance, and support.

The Defendants deny any negligence on the part of Joseph Misatuli Leia.  Rather, they contend that the subject accident was the result of an unforeseeable, sudden emergent situation that presented itself to Mr. Leia as he crested a hill on I-75 North during heavy rain and rather poor visibility. Consequently, the Defendants maintain that Mr. Leia acted appropriately at all times and drove his tractor-trailer in accordance with industry standards. The Defendants also contend that Plaintiff, Marcelle Ann Angall-Leonce did not sustain a permanent injury within a degree of reasonable medical probability.

Burden of proof:

The Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs and the evidence favoring the Defendants on opposite sides of balancing scales, the Plaintiffs need to make the scales tip to their side. If the Plaintiffs fail to meet this burden, you must find in favor of the Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text

messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any

other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiffs will present their witnesses and ask them questions. After the Plaintiffs question the witness, the Defendants may ask the witness questions – this is called "cross-examining" the witness. Then the Defendants will present their witnesses, and the Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

# INSTRUCTION 2
Stipulations
Eleventh Circuit Pattern Jury Instruction 2.1


Sometimes the parties have agreed that certain facts are true. This agreement

is called a stipulation. You must treat these facts as proved for this case.

# INSTRUCTION 3
Jury Questions
Eleventh Circuit Pattern Jury Instruction 1.4

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.


- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.


- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**<u>INSTRUCTION 4</u>**
**Introduction**
**Eleventh Circuit Pattern Jury Instruction 3.1**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

# INSTRUCTION 5
## The Duty to Follow Instructions – Corporate Party Involved
## Eleventh Circuit Pattern Jury Instruction 3.2.2

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

# INSTRUCTION 6
## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court
## Eleventh Circuit Pattern Jury Instruction 3.3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

# INSTRUCTION 7
## Credibility of Witnesses
## Eleventh Circuit Pattern Jury Instruction 3.4

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

# INSTRUCTION 8
## Impeachment of Witnesses Because of Inconsistent Statements
## Eleventh Circuit Pattern Jury Instruction 3.5.1

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

# INSTRUCTION 9
## Expert Witness – When Expert Fees Represent a Significant
## Portion of the Witness's Income
## Eleventh Circuit Pattern Jury Instruction 3.6.2

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

## INSTRUCTION 10
### Believability of a Witness
### Florida Standard Civil Jury Instruction 601(2)(c)

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited just because the witness talked with a lawyer about his or her testimony.

# INSTRUCTION 11
## Negligence
## Florida Standard Civil Jury Instruction 401.4

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

<u>**INSTRUCTION 12**</u>
**Violation of Industry Standard as Evidence of Negligence**
**Florida Standard Civil Jury Instruction 401.9 (modified)**
***Seaboard Coast Line R. Co. v. Clark**, 491 So. 2d 1196 (Fla. 4th DCA) 1986*

Violation of an industry standard is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Defendant Joseph Leia violated an industry standard, you may consider that fact, together with the other facts and circumstances, in deciding whether such person was negligent.

Injury standards the plaintiffs contend were violated include the following:

A. Commercial truck drivers should reduce speed by about one third on a wet road.

B. Commercial truck drivers should look at least 12 to 15 seconds ahead. At highway speeds that is about a quarter of a mile.

# 401.9 VIOLATION OF STATUTE, ORDINANCE, OR REGULATION AS EVIDENCE OF NEGLIGENCE

**316.185   Special hazards.** —

The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazards exist or may exist with respect to pedestrians or other traffic or by reason of weather or other roadway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street in compliance with legal requirements and the duty of all persons to use due care.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

Florida Statute §316.1925 **Careless driving -**

(1) Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.


F.S. §316.0895    Following too closely. —

(1)    The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

<u>F.S. §316.089    Driving on roadways laned for traffic.</u> —

Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:

(1)   A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

Restrictions have been in place on I-95 in South Florida for 30 years, and 20 years on I-75 from the Florida/Georgia border to the Turnpike.

The current truck lane criterion in Florida includes 6-lane interstate freeways primarily consisting of rural interstate sections. Trucks are restricted from the left or inside travel lane, leaving it specifically for automobile traffic. Tour buses and recreational vehicles (RVs) are not considered commercial trucks and are allowed to travel in the left or inside travel lane.

Failure to follow truck lane restrictions is a violation of Florida Statute 316.074, with a minimum fine of $121 and three points assessed to the CDL (Commercial Driver License).

F.S. §316.074  Obedience to and required traffic control devices. —

(1)  The driver of any vehicle shall obey the instructions of any official traffic control device applicable thereto, placed in accordance with the provisions of this chapter, unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.

(2)  No person shall drive any vehicle from a roadway to another roadway to avoid obeying the indicated traffic control indicated by such traffic control device.

(3)   No provision of this chapter for which official traffic control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section does not state that official traffic control devices are required, such section shall be effective even though no devices are erected or in place.

(4)   Whenever official traffic control devices are placed in position approximately conforming to the requirements of this chapter, such devices shall be presumed to have been so placed by the official act or direction of lawful authority unless the contrary shall be established by competent evidence.

(5)   Any official traffic control device placed pursuant to the provisions of this chapter and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this chapter unless the contrary shall be established by competent evidence.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

Subtitle B—OTHER REGULATIONS RELATING TO TRANSPORTATION (CONTINUED)

CHAPTER III—FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, DEPARTMENT OF TRANSPORTATION

SUBCHAPTER B—FEDERAL MOTOR CARRIER SAFETY REGULATIONS

PART 392—DRIVING OF COMMERCIAL MOTOR VEHICLES

## §392.14   Hazardous conditions; extreme caution.

Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

Violation of this regulation is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this regulation, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

# INSTRUCTION 13
## Legal Cause
## Florida Standard Civil Jury Instruction 401.12(a) and (b)

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with some natural cause or some other cause if the negligence contributes substantially to producing such loss, injury or damage.

# INSTRUCTION 14
## PREEMPTIVE CHARGES
### Vicarious liability


## Florida Standard Civil Jury Instruction 402.8

The court has determined and now instructs you that


ON POINT TRANSPORT, INC.  is responsible for any negligence of JOSEPH

MISATULI LEIA in the operation of the semi-tractor trailer owned by On Point

Transport, Inc. and driven by their employee, JOSEPH MISATULI LEIA.

<u>**INSTRUCTION 15**</u>
**Issues on Plaintiff's Claim – General Negligence**
**Responsibility for Proof – Plaintiff's Claim, Preponderance of the Evidence**
**Eleventh Circuit Pattern Jury Instruction 3.7.1**

**Florida Standard Civil Jury Instruction 401.18(a)**

The issues you must decide on the Plaintiffs' claim against the Defendants are: whether Defendant Joseph Leia was negligent in his operation of the tractor-trailer involved in the accident, and, if so, whether such negligence was a legal cause of the loss, injury or damage to Marcelle Angall-Leonce and Romanus Leonce

**Eleventh Circuit Pattern Jury Instruction 3.7.1**

In this case, it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

# INSTRUCTION 16
## Motor Vehicle No-Fault Instruction
## Florida Standard Civil Jury Instruction 501.2 (a-d)
## Fla. Stat. §768.0415 (Special)

If your verdict is for the Defendants, you will not consider the matter of damages. But if the greater weight of the evidence supports Plaintiffs' claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate the Plaintiffs for the following elements of damage including damage that Plaintiffs are reasonably certain to incur in the future: The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Marcelle Angall-Leonce in the past or to be so obtained in the future. Any earnings lost in the past and any loss of ability to earn money in the future.

You must next decide whether any of Marcelle Angall-Leonce's injuries, resulting from the incident in this case, are permanent. An injury is permanent if it, in whole or in part, consists of:

(1)   a significant and permanent loss of an important bodily function; or

(2)   a significant and permanent scarring or disfigurement; or

(3)   an injury that the evidence shows is permanent to a reasonable degree of medical probability.

If the greater weight of the evidence does not establish that any of Marcelle Angall-Leonce's injuries are permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that any of her injuries are permanent, you should also award damages for these additional elements of damage: Any bodily injury sustained by Marcelle Angall-Leonce and any resulting pain and suffering disability or physical impairment disfigurement mental anguish inconvenience or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

On the claim brought by Romanus Leonce, you should award Romanus Leonce an amount of money which the greater weight of the evidence shows will fairly and adequately compensate him for any loss by reason of his wife's injury, of her services, comfort, society and attentions in the past and in the future caused by the incident in question.

# **INSTRUCTION 17**
## **Other Contributing Causes of Damages**
## **Florida Standard Civil Jury Instruction 501.5(a)**

If you find that the Defendants caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Ms. Angall-Leonce's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Ms. Angall-Leonce

## INSTRUCTION 18
### Mortality Tables
### Florida Standard Civil Jury Instruction 501.6

If the greater weight of the evidence shows that Marcelle Angall-Leonce has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Ms. Angall-Leonce may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Ms. Angall-Leonce's health, age and physical condition, before and after the injury, in determining the probable length of her life.

# INSTRUCTION 19
## Reduction of Damages to Present Value
## Florida Standard Civil Jury Instruction 501.7

Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate for these losses as they are actually experienced in future years.

## INSTRUCTION 20
### Collateral Source Rule
### Florida Standard Civil Jury Instruction 501.8

You should not reduce the amount of compensation to which the Plaintiffs are otherwise entitled on account of wages, medical insurance payments, or other benefits which the evidence shows the Plaintiffs received from her employer, insurance company, or some other source. The court will reduce as necessary the amount of compensation to which the Plaintiffs are entitled on account of any such payments.

## INSTRUCTION 21
## Redactions (Special Instruction)

You may note some redactions/deletions from some of the documents and video depositions placed in evidence for your consideration. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are instructed that you must not speculate or even discuss possible reasons for such redaction/deletions.

<u>**INSTRUCTION 22**</u>
**Duty to Deliberate When Only the Plaintiff Claims Damages**
**Eleventh Circuit Pattern Jury Instruction 3.8.1**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**INSTRUCTION 23**</u>
**Election of Foreperson Explanation of Verdict Form**
**Eleventh Circuit Pattern Jury Instruction 3.9**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.