IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARCELLE ANN ANGALL-LEONCE
and ROMANUS SYLVESTER LEONCE,
Husband and Wife,

                          CASE NO.: 1:20-cv-00127-AW-GRJ

      Plaintiff,

v.

ON POINT TRANSPORT, INC. and
JOSEPH MISATULI LEIA,

      Defendants.
_____/


**<u>PROPOSED JURY INSTRUCTIONS</u>**

**<u>INSTRUCTION 1</u>**
**General Preliminary Instruction**
**Eleventh Circuit Pattern Jury Instruction 1.1**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't

personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Marcelle Angall-Leonce and Romanus Leonce, claim that Defendant, Joseph Leia, while driving a tractor-trailer as part of his employment with Defendant On Point Transport, negligently caused a collision between that tractor-trailer and a vehicle being driven by Mr. Leonce. The Plaintiffs further contend that this collision caused loss, injury, and damages to Mrs. Angall-Leonce and that as a result of his wife's

injuries, Mr. Leonce lost companionship, affection, solace, society, assistance, and support.

The Defendants deny any negligence on the part of Joseph Misatuli Leia.  Rather, they contend that the subject accident was the result of an unforeseeable, sudden emergent situation that presented itself to Mr. Leia as he crested a hill on I-75 North during heavy rain and rather poor visibility. Consequently, the Defendants maintain that Mr. Leia acted appropriately at all times and drove his tractor-trailer in accordance with industry standards. The Defendants also contend that Plaintiff, Marcelle Ann Angall-Leonce did not sustain a permanent injury within a degree of reasonable medical probability.

Burden of proof:

The Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs and the evidence favoring the Defendants on opposite sides of balancing scales, the Plaintiffs need to make the scales tip to their side. If the Plaintiffs fail to meet this burden, you must find in favor of the Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text

messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any

other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiffs will present their witnesses and ask them questions. After the Plaintiffs question the witness, the Defendants may ask the witness questions – this is called "cross-examining" the witness. Then the Defendants will present their witnesses, and the Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

## **INSTRUCTION 2**
Stipulations
Eleventh Circuit Pattern Jury Instruction 2.1

Sometimes the parties have agreed that certain facts are true. This agreement

is called a stipulation. You must treat these facts as proved for this case.

**<u>INSTRUCTION 3</u>**
Jury Questions
Eleventh Circuit Pattern Jury Instruction 1.4

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

12

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.


- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.


- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

<u>**INSTRUCTION 4**</u>
**Introduction**
**Eleventh Circuit Pattern Jury Instruction 3.1**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## **INSTRUCTION 5**
**The Duty to Follow Instructions – Corporate Party Involved**
**Eleventh Circuit Pattern Jury Instruction 3.2.2**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## INSTRUCTION 6
### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court
### Eleventh Circuit Pattern Jury Instruction 3.3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## **INSTRUCTION 7**
### **Credibility of Witnesses**
### **Eleventh Circuit Pattern Jury Instruction 3.4**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## <u>INSTRUCTION 8</u>
## Impeachment of Witnesses Because of Inconsistent Statements
## Eleventh Circuit Pattern Jury Instruction 3.5.1

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**INSTRUCTION 9**
**Expert Witness – When Expert Fees Represent a Significant**
**Portion of the Witness's Income**
**Eleventh Circuit Pattern Jury Instruction 3.6.2**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**<u>INSTRUCTION 10</u>**
**Believability of a Witness**
**Florida Standard Civil Jury Instruction 601(2)(c)**

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited just because the witness talked with a lawyer about his or her testimony.

## **INSTRUCTION 11**
### **Negligence**
### **Florida Standard Civil Jury Instruction 401.4**

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

**<u>INSTRUCTION 12</u>**
**Violation of Industry Standard as Evidence of Negligence**
**Florida Standard Civil Jury Instruction 401.9 (modified)**
***Seaboard Coast Line R. Co. v. Clark*, 491 So. 2d 1196 (Fla. 4th DCA) 1986**

Violation of an industry standard is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Defendant Joseph Leia violated an industry standard, you may consider that fact, together with the other facts and circumstances, in deciding whether such person was negligent.

Injury standards the plaintiffs contend were violated include the following:

A. Commercial truck drivers should reduce speed by about one third on a wet road.

B. Commercial truck drivers should look at least 12 to 15 seconds ahead.  At highway speeds that is about a quarter of a mile.

# 401.9 VIOLATION OF STATUTE, ORDINANCE, OR REGULATION AS EVIDENCE OF NEGLIGENCE

**316.185   Special hazards.** —

The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazards exist or may exist with respect to pedestrians or other traffic or by reason of weather or other roadway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street in compliance with legal requirements and the duty of all persons to use due care.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

Florida Statute §316.1925 **Careless driving -**

(1) Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

F.S. §316.0895   Following too closely. —

(1)   The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

<u>F.S. §316.089    Driving on roadways laned for traffic. —</u>

Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:

(1)   A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

**Restrictions have been in place on I-95 in South Florida for 30 years, and 20 years on I-75 from the Florida/Georgia border to the Turnpike.**

**The current truck lane criterion in Florida includes 6-lane interstate freeways primarily consisting of rural interstate sections. Trucks are restricted from the left or inside travel lane, leaving it specifically for automobile traffic. Tour buses and recreational vehicles (RVs) are not considered commercial trucks and are allowed to travel in the left or inside travel lane.**

**Failure to follow truck lane restrictions is a violation of Florida Statute 316.074, with a minimum fine of $121 and three points assessed to the CDL (Commercial Driver License).**

F.S. §316.074   Obedience to and required traffic control devices. —

(1)   The driver of any vehicle shall obey the instructions of any official traffic control device applicable thereto, placed in accordance with the provisions of this chapter, unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter.

(2)   No person shall drive any vehicle from a roadway to another roadway to avoid obeying the indicated traffic control indicated by such traffic control device.

(3)   No provision of this chapter for which official traffic control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section does not state that official traffic control devices are required, such section shall be effective even though no devices are erected or in place.

(4)   Whenever official traffic control devices are placed in position approximately conforming to the requirements of this chapter, such devices shall be presumed to have been so placed by the official act or direction of lawful authority unless the contrary shall be established by competent evidence.

(5)   Any official traffic control device placed pursuant to the provisions of this chapter and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this chapter unless the contrary shall be established by competent evidence.

Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

Code of Federal Regulations

TITLE 49—Transportation

Subtitle B—OTHER REGULATIONS RELATING TO TRANSPORTATION (CONTINUED)

CHAPTER III—FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, DEPARTMENT OF TRANSPORTATION

SUBCHAPTER B—FEDERAL MOTOR CARRIER SAFETY REGULATIONS

PART 392—DRIVING OF COMMERCIAL MOTOR VEHICLES

**§392.14   Hazardous conditions; extreme caution.**

Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

Violation of this regulation is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated this regulation, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

**INSTRUCTION 13**
**Legal Cause**
**Florida Standard Civil Jury Instruction 401.12(a) and (b)**

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with some natural cause or some other cause if the negligence contributes substantially to producing such loss, injury or damage.

## **INSTRUCTION 14**
## **PREEMPTIVE CHARGES**
### **Vicarious liability**


### **Florida Standard Civil Jury Instruction 402.8**

The court has determined and now instructs you that


ON POINT TRANSPORT, INC.  is responsible for any negligence of JOSEPH

MISATULI LEIA in the operation of the semi-tractor trailer owned by On Point

Transport, Inc. and driven by their employee, JOSEPH MISATULI LEIA.

## <u>INSTRUCTION 15</u>
**Issues on Plaintiff's Claim – General Negligence
Responsibility for Proof – Plaintiff's Claim, Preponderance of the Evidence
Eleventh Circuit Pattern Jury Instruction 3.7.1**

### Florida Standard Civil Jury Instruction 401.18(a)

The issues you must decide on the Plaintiffs' claim against the Defendants are: whether Defendant Joseph Leia was negligent in his operation of the tractor-trailer involved in the accident, and, if so, whether such negligence was a legal cause of the loss, injury or damage to Marcelle Angall-Leonce and Romanus Leonce

### Eleventh Circuit Pattern Jury Instruction 3.7.1

In this case, it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

**INSTRUCTION 16**
**Motor Vehicle No-Fault Instruction**
**Florida Standard Civil Jury Instruction 501.2 (a-d)**
**Fla. Stat. §768.0415 (Special)**

If your verdict is for the Defendants, you will not consider the matter of damages. But if the greater weight of the evidence supports Plaintiffs' claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate the Plaintiffs for the following elements of damage including damage that Plaintiffs are reasonably certain to incur in the future: The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Marcelle Angall-Leonce in the past or to be so obtained in the future. Any earnings lost in the past and any loss of ability to earn money in the future.

You must next decide whether any of Marcelle Angall-Leonce's injuries, resulting from the incident in this case, are permanent. An injury is permanent if it, in whole or in part, consists of:

(1)   a significant and permanent loss of an important bodily function; or

(2)   a significant and permanent scarring or disfigurement; or

(3)   an injury that the evidence shows is permanent to a reasonable degree of medical probability.

If the greater weight of the evidence does not establish that any of Marcelle Angall-Leonce's injuries are permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that any of her injuries are permanent, you should also award damages for these additional elements of damage: Any bodily injury sustained by Marcelle Angall-Leonce and any resulting pain and suffering disability or physical impairment disfigurement mental anguish inconvenience or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

On the claim brought by Romanus Leonce, you should award Romanus Leonce an amount of money which the greater weight of the evidence shows will fairly and adequately compensate him for any loss by reason of his wife's injury, of her services, comfort, society and attentions in the past and in the future caused by the incident in question.

**<u>INSTRUCTION 17</u>**
**Other Contributing Causes of Damages**
**Florida Standard Civil Jury Instruction 501.5(a)**

If you find that the Defendants caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Ms. Angall-Leonce's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Ms. Angall-Leonce

**INSTRUCTION 18**
**Mortality Tables**
**Florida Standard Civil Jury Instruction 501.6**

If the greater weight of the evidence shows that Marcelle Angall-Leonce has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Ms. Angall-Leonce may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Ms. Angall-Leonce's health, age and physical condition, before and after the injury, in determining the probable length of her life.

**INSTRUCTION 19**
**Reduction of Damages to Present Value**
**Florida Standard Civil Jury Instruction 501.7**

Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate for these losses as they are actually experienced in future years.

**<u>INSTRUCTION 20</u>**
**Collateral Source Rule**
**Florida Standard Civil Jury Instruction 501.8**

You should not reduce the amount of compensation to which the Plaintiffs are otherwise entitled on account of wages, medical insurance payments, or other benefits which the evidence shows the Plaintiffs received from her employer, insurance company, or some other source. The court will reduce as necessary the amount of compensation to which the Plaintiffs are entitled on account of any such payments.

## <u>INSTRUCTION 21</u>
### Redactions (Special Instruction)

You may note some redactions/deletions from some of the documents and video depositions placed in evidence for your consideration.  Under our law, only certain evidence may be considered by a jury in determining a verdict.  You are instructed that you must not speculate or even discuss possible reasons for such redaction/deletions.

## INSTRUCTION 22
**Duty to Deliberate When Only the Plaintiff Claims Damages**
**Eleventh Circuit Pattern Jury Instruction 3.8.1**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**INSTRUCTION 23**
**Election of Foreperson Explanation of Verdict Form**
**Eleventh Circuit Pattern Jury Instruction 3.9**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.