IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCELLE ANN ANGALL-LEONCE and ROMANUS SYLVESTER
LEONCE,
Husband and Wife,

CASE NO.: 1:20-cv-00127-

AW-GRJ
    Plaintiff,
v.

ON POINT TRANSPORT, INC. and
JOSEPH MISATULI LEIA,

    Defendants.
_____/

## JURY INSTRUCTIONS

_____
Senior District Judge Paul C Huck

Date:_____

Filed in Open Court
4-16-2021
Clerk, U.S. District Court
Northern District of Florida

1

## Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

## The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is

involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

4

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

## Believability of a Witness

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited just because the witness talked with a lawyer about his or her testimony.

## Redactions:

You may note some redactions/deletions from some of the documents placed in evidence for your consideration. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are instructed that you must not speculate or even discuss possible reasons for such redaction/deletions.

## Issues on Plaintiff's Claim – General Negligence, Responsibility for Proof – Plaintiff's Claim, Preponderance of the Evidence

The issues you must decide on the Plaintiffs' claim against the Defendants are: whether Defendant Joseph Leia was negligent in his driving of the tractor-trailer involved in the accident, and, if so, whether that negligence was a legal

cause of the loss, injury or damage to Marcelle Angall-Leonce and Romanus Leonce.

In this case, it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

**Negligence**

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like

circumstances.

## Violation of Industry Standard as Evidence of Negligence

Violation of an industry standard is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Defendant Joseph Leia violated an industry standard, you may consider that fact, together with the other facts and circumstances, in deciding whether Joseph Leia was negligent.

## Violation of Statute or Regulation as Evidence of Negligence

I will now instruct you on a number of traffic statutes and regulations, the violation of which is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Joseph Leia, violated one or more of these statutes or regulations, you may consider that fact, together with the other facts and circumstances, in deciding whether he was negligent.

## Special hazards. —

The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver from the duty to decrease speed when approaching and going around a curve, when approaching a hill crest, or when special hazards exist or may exist with respect to other traffic or by reason of weather or other roadway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance in compliance with legal requirements and the duty of all persons to use due care.

## Careless driving -

Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person.

## Following too closely. —

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway.

## Driving on roadways laned for traffic. —

Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:

A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

## Hazardous conditions; extreme caution.

Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by fog, mist, rain, dust,

or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

## Legal Cause

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with some natural cause or some other cause if the negligence contributes substantially to producing such loss, injury or damage.

## Vicarious liability

The court has determined and now instructs you that ON POINT TRANSPORT, INC. is responsible for any negligence of JOSEPH MISATULI LEIA in the operation of the semi-tractor trailer owned by On Point Transport, Inc. and driven by their employee, JOSEPH MISATULI LEIA.

## Motor Vehicle No-Fault Instruction

If your verdict is for the Defendants, you will not consider the matter of damages. But if the greater weight of the evidence supports Plaintiffs' claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate the Plaintiffs for the following elements of damage including damage that Plaintiffs are reasonably certain to incur in the future: The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Marcelle Angall-Leonce in the past or to be so obtained in the future. Any earnings lost in the past and any loss of ability to earn money in the future.

You must next decide whether any of Marcelle Angall-Leonce's injuries, resulting from the incident in this case, are permanent. An injury is permanent if it, in whole or in part, consists of:

    (1)   a significant and permanent loss of an important bodily function; or

    (2)   a significant and permanent scarring or disfigurement; or

    (3)   an injury that the evidence shows is permanent to a reasonable degree of medical probability.

If the greater weight of the evidence does not establish that any of Marcelle Angall-Leonce's injuries are permanent, then your verdict is complete. If,

however, the greater weight of the evidence shows that any of her injuries are permanent, you should also award damages for these additional elements of damage: Any bodily injury sustained by Marcelle Angall-Leonce and any resulting pain and suffering disability or physical impairment disfigurement mental anguish inconvenience or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

On the claim brought by Romanus Leonce, you should award Romanus Leonce an amount of money which the greater weight of the evidence shows will fairly and adequately compensate him for any loss by reason of his wife's injury, of her services, comfort, society and attentions in the past and in the future caused by the incident in question.

## Other Contributing Causes of Damages

If you find that the Defendants caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Ms. Angall-Leonce's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart

from the injury, then you should award damages for the entire condition suffered by Ms. Angall-Leonce.

## Mortality Tables

If the greater weight of the evidence shows that Marcelle Angall-Leonce has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Ms. Angall-Leonce may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Ms. Angall-Leonce's health, age and physical condition, before and after the injury, in determining the probable length of her life.

## Reduction of Damages to Present Value

Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate for these losses as they are actually experienced in future years.

## Collateral Source Rule

You should not reduce the amount of compensation to which the Plaintiffs are otherwise entitled on account of wages, medical insurance payments, or other benefits which the evidence shows the Plaintiffs received from her employer, insurance company, or some other source. The court will reduce as necessary the amount of compensation to which the Plaintiffs are entitled on account of any such payments.

## Duty to Deliberate When Only the Plaintiffs Claim Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.